[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed a four count complaint, alleging (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), and (4), a violation of the Connecticut Unfair Trade Practices Act (CUTPA). This action arises out of a burglary which occurred on March 17, 1992 at the plaintiff's home in the course of which it is alleged that the plaintiff's father was held at gun point while more than $200,000 worth of personal property was taken and some $6,466 in property damage was sustained. The plaintiff further alleges that she has complied with the defendant's demands under the coverage but has been refused compensation for any of her losses.
The defendant filed a motion to strike counts two, three and four of the complaint as well as paragraphs two, three and four of the prayer for relief and paragraphs of the prayer for relief that may relate to a stricken count. Thereafter, an amended complaint was filed, correcting a typographical error in count four which was addressed in court during a hearing on the motion to strike. The motion to strike is, therefore, directed at the amended complaint.
A motion to strike tests the legal sufficiency of a pleading.Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court's consideration is limited to the grounds raised in the motion.Blancato v. Feldspar Corp., 203 Conn. 34, 44 (1987). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth of accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "In CT Page 4502 ruling on . . . a motion to strike [the court must] . . . take the facts to be those alleged in the [pleadings] . . . and . . . construe the [pleadings] . . . in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536 (1992). Moreover, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied and fairly probable under them." Zeller v. Mark, 14 Conn. App. 651, 654 (1988).
The motion to strike the second count asserts that there are insufficient facts alleged to support a claim of breach of the covenant of good faith and fair dealing. In Connecticut, all insurance contracts include an implied covenant of good faith and fair dealing. Buckman v. People Express, Inc., 205 Conn. 166, 170
(1987).
 `Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking means faithful to one's duty or obligation . . . an honest intention not to take an unconscientious (sic) advantage of another. . . .'
Buckman v. People Express, Inc., supra, 171 (quoting from trial court's jury instructions).
"In order to make a claim for tortious breach of contract, the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim for benefits." Puglio v. National GrangeMutual Ins., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 303610 (October 10, 1993, Maiocco, J.). The plaintiff, Nicole Candido, alleges that the defendant breached its covenant of good faith and fair dealing in six distinct ways:
 a. In that the defendant has failed to settle this loss with the plaintiff despite its contractual duty to do so;
 b. In that the defendant has wholly failed and refused to pay all or any part of the house damage claim;
 c. In that the defendant has investigated this loss in a manner designed to harass CT Page 4503 and intimidate its insured;
 d. In that the defendant has compelled a member of the plaintiff's family who was not insured to submit to giving a sworn statement under oath;
 e. In that the defendant has denied coverage for both claims under the policy without a reasonable basis for such denial;
 f. In that the defendant, by denying coverage, has forced the plaintiff to retain counsel at substantial expense to herself to bring this lawsuit to collect insurance proceeds rightfully due her.
The foregoing allegations denote an attitude or state of mind of dishonesty of purpose and a breach of one's duty or obligation not to take advantage of another sufficient to support a claim for breach of the covenant of good faith and fair dealing. Accordingly, the motion to strike count two is denied.
Punitive damages may be awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Kenny v. Civil ServiceCommission, 197 Conn. 270, 277 (1985). Since the allegations in count two of the complaint are sufficient to support a cause of action for breach of the covenant of good faith and fair dealing, the prayer for relief by way of punitive damages is sufficient and the motion to strike paragraph two of the prayer for relief is denied.
The defendant relies on the holdings in Mead v. Burns,199 Conn. 651 (1986) and Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660, 672 (1992) in support of its motion to strike the third count and prayer for relief. This count alleges a CUIPA violation and the defendant claims that the allegations of wrongful acts are insufficient to indicate a general business practice. Section 38a-816(6) of the Act prohibits "unfair claim settlement practices."
In Mead v. Burns, the court noted that "isolated instances of unfair insurance settlement practices are not so violative of the CT Page 4504 public policy of this state as to warrant statutory intervention."Mead v. Burns, supra, 659.
The claims by plaintiff in the instant case allege a multiplicity of acts concerning personal and property damage loss claims as well as claims of physical and mental coercion together with allegations of "multiple bad acts" as to each loss claim. The defendant has been fairly apprised by the complaint that a general business practice is alleged sufficient to sustain a claim under CUIPA. See, D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 217-221 (1987). This is not a single or "isolated" act that was at issue in Mead or in Quimby. Moreover, the allegations address separate claims under separate policy coverages. The motion to strike count three of the complaint is denied.
The defendant's motion to strike count four and the prayer for relief thereto rests solely upon its claim that the plaintiff failed to allege a cause of action sufficient to support a CUIPA violation in the third count. The allegations of the third count are incorporated in the fourth count and, in addition, the plaintiff alleges that those acts and practices as alleged constitute a violation of CUTPA, as set forth in General Statutes, § 42-110b et seq. A cause of action is stated under CUTPA for a violation of CUIPA. Mead v. Burns, supra. Accordingly, the motion to strike count four and paragraph three of the prayer for relief is denied because the plaintiff's allegations are sufficient to state causes of action under both CUIPA and CUTPA.
BY THE COURT
LEANDER C. GRAY, JUDGE