[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Thomas Meehan commenced this action for alleged breach of an employment contract, violation of Connecticut's wage statute, and breach of an implied covenant of good faith and fair dealing. In the first count of the complaint, he alleges that he was employed by The Press as a sales representative from April, 1993 to March, 1995, pursuant to a contract of employment. Meehan left voluntarily in March, 1995, and asserts that he is owed certain commissions that he earned while in the defendants' employ.[1]
Although the defendants sent Meehan a letter in April, 1995, CT Page 1331-FFFFF outlining what commissions they believed Meehan was entitled, their proposal "deviated substantially" from Meehan's calculations. He claims that the defendants "made no payment, even of those commission amounts [they] . . . conceded were due," and that this failure to pay him his commissions constituted a violation of § 31-72 of the General Statutes.
In count two, Meehan incorporates the first count in its entirety and alleges that the defendants' conduct constituted a breach of his employment contract. Similarly, count three incorporates all previous allegations and concludes that the defendants' conduct "was deliberate, wanton, and willful, and constitutes breach of the implied covenant of good faith and fair dealing that is implicit in every contract under Connecticut law."
The defendants have jointly filed a motion to strike the third count of the complaint and the prayer for relief which seeks punitive damages on the ground that there is no factual predicate to support a claim for breach of an implied covenant of good faith and fair dealing. In their brief, they argue that Meehan's addition of the language "deliberate, wanton and willful" does not create a breach of implied covenant claim from a simple breach of contract claim. They argue that a breach of implied covenant claim requires allegations of bad faith or dishonest purpose on the part of the defendants. Additionally, they claim that Meehan's characterization of their conduct as "deliberate, wanton and willful" is a legal conclusion and should therefore be stricken.
Meehan argues that the allegations of paragraph eight (8) of the complaint, which are incorporated by reference into count three, amply support his claim for breach of the implied covenant of good faith and fair dealing. He asserts that the complaint alleges "far more than simply a reiteration of his `breach of contract allegations'" because of the allegation that the defendants did not pay him even the commissions they acknowledged were due.
It is well-settled that on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff"; Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170; which includes the facts fairly provable and necessarily implied. Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495. However, it is equally CT Page 1331-GGGGG well-settled that a motion to strike "does not admit legal conclusions." Mingachos v. CBS, Inc., 196 Conn. 91, 108.
In this case, contrary to Meehan's suggestion, the third count does in fact "simply reiterate" the allegations of his breach of contract claim. There are no new allegations in count three, except the statement that the defendants' conduct was "deliberate, wanton and willful." Moreover, paragraph eight (8) of the complaint which, according to Meehan, demonstrates the defendants' bad faith, alleges nothing more than that the defendants failed to pay commissions they acknowledged were due to Meehan.
These allegations support a breach of contract claim and no more. Meehan has failed to allege improper motive or conduct by the defendants which support a claim for breach of the implied covenant of good faith and fair dealing. Moreover, Meehan's allegations that the defendants' conduct was deliberate, wanton and willful are legal conclusions and cannot survive a motion to strike.
This court has previously stricken claims of breach of implied covenant of good faith and fair dealing where there is an insufficient factual predicate to support such claims. McCrea v.Louis Dreyfus Corp., 12 Conn. L. Rptr. 493 (September 28, 1994, Stodolink, J.). While other courts have allowed similar claims to stand, in those cases there has been some allegation in the pleadings — other than mere incorporation of all other paragraphs of the complaint — that supports a claim of breach of implied covenant of good faith and fair dealing. See, e.g., Lark v. PostNewsweek Stations Connecticut, Inc., Superior Court, Judicial District of Hartford New Britain at Hartford, Docket No. 705326 (August 9, 1995, Wagner, J.) (allegation of bad faith hiring of replacement for plaintiff); Brothers v. American Home AssuranceCo., 15 Conn. L. Rptr. 4 (August 25, 1995, Hartmere, J.) (allegation that defendant failed to conduct a reasonable investigation of an insurance claim and refused to honor plaintiff's claim for unspecified reasons); Candido v. WorcesterIns. Co., 14 Conn. L. Rptr. 73 (April 18, 1995, Gray, J.) (allegations that defendant wrongfully failed to settle plaintiff's insurance claim or to properly investigate the claim).
Thus, in cases which have allowed claims of breach of an implied covenant of good faith and fair dealing, there have been CT Page 1331-HHHHH allegations beyond simple breach of contract that support a breach of the implied covenant. Accordingly, the defendants' motion to strike the third count of the complaint, and the prayer for relief that seeks punitive damages, is granted.
Moraghan, J.