# MIDDLETOWN COMMERCIAL ASSOCIATES LIMITED PARTNERSHIP ET AL. *v.* CITY OF MIDDLETOWN ET AL.
## (AC 17078)

O'Connell, C. J., and Lavery and Daly, Js.

Argued December 11, 1998—officially released May 25, 1999

Thomas W. Witherington, with whom was Wesley W. Horton, for the appellant (plaintiff).

Robert M. Barrack, with whom, on the brief, was Daniel P. Scapellati, for the appellees (defendants).

Opinion

DALY, J. This appeal arises from proceedings following our remand in Middletown Commercial Associates Ltd. Partnership v. Middletown, 42 Conn. App. 426, 680 A.2d 1350, cert. denied, 239 Conn. 939, 684 A.2d 711 (1996) (Middletown I). In Middletown I, we addressed issues related to whether the plaintiffs, then owners of the River View Shopping Center Mall (River View Center) in Middletown, had any rights in a 1965 parking agreement between the original mall developer and the city of Middletown. We reversed the judgment of the trial court, determining that the plaintiffs could, in fact, enforce the parking agreement as successors in interest to the original developer. We then remanded the case for further proceedings and directed the trial court to determine whether the city breached the parking agreement and, if so, the damages to which the plaintiffs were entitled. Additionally, we instructed the trial court on remand to address whether the defendants had breached the implied covenant of good faith and fair dealing. On remand, the trial court rendered judgment in favor of the defendants and this appeal followed. The plaintiffs now claim that the trial court improperly concluded that, for various reasons, the defendants did not (1) breach the parking agreement[1] and (2) violate

---

[1] The agreement provides in relevant part that "the city of Middletown shall provide a multilevel parking facility to accommodate not less than 600 cars." We previously agreed with the trial court's interpretation that the agreement required the city to "make available to the plaintiffs a reasonable

the duty of good faith and fair dealing implicit in all contractual agreements. We disagree[2] and affirm the judgment of the trial court.

The underlying facts of the present case are set forth in *Middletown I,* supra, 42 Conn. App. 428–30, and do not warrant repetition here. Additional facts will be set forth as necessary for the resolution of this appeal.

## I

The plaintiffs first claim that the trial court improperly concluded that the defendants did not breach the parking agreement. We disagree.

## A

The plaintiffs contend that the interpretation of the parking agreement is a question of law, over which we must exercise plenary review. In addressing this issue in *Middletown I,* we determined that "[t]he parking agreement does not state how many spaces must be made available for the plaintiffs' tenants and customers. The interpretation of a contract term that is not so clear as to render its interpretation a matter of law is a question of fact, subject to the clearly erroneous standard of review." (Internal quotation marks omitted.) *Middletown I,* supra, 42 Conn. App. 437. Accordingly, the plaintiffs' first claim concerns a question of fact and is not subject to plenary review.

## B

The plaintiffs next contend that our determination in *Middletown I* that the parking agreement did not guarantee the plaintiffs any *particular* number of parking spaces was mere dictum, which was not binding on the trial court. We disagree.

---

number of spaces consistent with their needs." *Middletown Commercial Associates Ltd. Partnership* v. *Middletown,* supra, 42 Conn. App. 438.

[2] As the trial court on remand properly found that there was no breach of the parking agreement, we need not address the issue of damages here.

"[I]t is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court. *Laurel, Inc.* v. *Commissioner of Transportation*, 173 Conn. 220, 222, 377 A.2d 296 (1977); *Gray* v. *Mossman*, 91 Conn. 430, 434, 99 A. 1062 (1917); 5 Am. Jur. 2d, Appeal and Error § 744." *Dacey* v. *Connecticut Bar Assn.*, 184 Conn 21, 23, 441 A.2d 49 (1981). This principle, however, "applies only to those matters *essential* to the appellate court's determination [and] not to mere dictum." (Emphasis added.) Id., 24. Dictum includes those discussions that are "merely passing commentary"; id.; those that go "beyond the facts" at issue; *Sharkiewicz* v. *Smith*, 142 Conn. 410, 412, 114 A.2d 691 (1955); and those that are unnecessary to the holding in the case. *Diamond National Corp.* v. *Dwelle*, 164 Conn. 540, 544, 325 A.2d 259 (1973). As we have previously recognized, however, it is not dictum "when a court of [appeal] intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy . . . ." (Internal quotation marks omitted.) *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 109–10, 674 A.2d 1335 (1996). Rather, such action constitutes an "act of the court which it will thereafter recognize as a binding decision." (Internal quotation marks omitted.) Id.

Our discussion in *Middletown I* concerning the parking agreement and our determination that the agreement required the defendants to make available to the plaintiffs a "reasonable number" of parking spaces consistent with their needs as opposed to a "particular number" of spaces; *Middletown I*, supra, 42 Conn. App. 436–38; was not merely passing commentary that was unnecessary to the holding of the case. Rather, this court could not determine whether the trial court's

determination that there was not a breach of the parking agreement was correct without first interpreting that agreement. Thus, the interpretation of the parking agreement was *critical* to an analysis of whether a breach occurred and, therefore, clearly was not dictum.

## C

The plaintiffs next contend that the trial court improperly concluded that the defendants did not breach the parking agreement because the court applied an "unreasonable and illogical" standard to assess the plaintiffs' reasonable parking needs. Specifically, the plaintiffs claim that the trial court used a flawed method of analysis that addressed the actual usage of the parking facility. They argue that the intent of the parking agreement was to provide them, as owners of the shopping center, with a fixed number of parking spaces (no fewer than 600) to meet their parking needs. They contend that their parking needs must be measured against the potential demand for parking that would be created by a fully leased property. We disagree.

"[T]he determination of the intent of the parties to a contract . . . is a question of fact subject to review under the clearly erroneous standard." *Village Linc Corp.* v. *Children's Store, Inc.*, 31 Conn. App. 652, 656, 626 A.2d 813 (1993). Here, the plaintiffs, in arguing that the parking agreement intended to provide the owner of River View Center with a particular number of parking spaces on the basis of a ratio of parking spaces to gross leasable area, are simply reasserting their interpretation of the intent of the parking agreement—to provide the plaintiffs with a fixed number of parking spaces, in an amount no fewer than 600. The intent of the parking agreement has already been determined by the trial court, however, and this court has already declined to reverse that determination.[3]

---

[3] See footnote 1. Moreover, the parking agreement includes no reference to the concepts of either ratios or gross leasable area as a means of determining parking needs.

## D

The plaintiffs next claim that the trial court's determination that the defendants did not breach the parking agreement was clearly erroneous. The plaintiff's claim is predicated on a determination that the trial court improperly considered actual usage in assessing the plaintiff's reasonable parking needs. For the reasons detailed in part I A of this opinion, this claim is without merit and we decline to address it further.

## II

The plaintiffs finally claim that the trial court improperly concluded that the defendants did not breach the implied covenant of good faith and fair dealing under the parking agreement. We disagree.

"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. *Habetz* v. *Condon*, 224 Conn. 231, 238, 618 A.2d 501 (1992)." (Internal quotation marks omitted.) *Gupta* v. *New Britain General Hospital*, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 567, 479 A.2d 781 (1984). Conversely, "[b]ad faith means more than mere negligence; it involves a dishonest purpose. [*Habetz* v. *Condon*, supra, 237.]" (Internal quotation marks omitted.) *Gupta* v. *New Britain General Hospital*, supra, 598.

We have already determined in *Middletown I* that the parking agreement reasonably could be interpreted to mean that the parties intended that the plaintiffs be provided only with a reasonable number of parking spaces consistent with their needs.[4] Our direction to

---

[4] See footnote 1 and our discussion in part I B of this opinion.

the trial court on remand, however, was to consider whether the parking garage itself provided the plaintiffs with a sufficient number of parking spaces pursuant to the parking agreement and not whether such parking was available to the plaintiffs in the areas surrounding the parking garage. *Middletown I*, supra, 42 Conn. App. 437–38. Our review of the record reveals that on remand the trial court properly considered only whether the parking garage itself provided the plaintiffs with sufficient parking spaces to meet their needs. Specifically, in its memorandum of decision the trial court found that "the city always provided a reasonable number of spaces consistent with the needs of the tenants . . . ."[5] Because we do not disturb the findings of a trial court absent a determination of clear error; *Giordano* v. *Giordano* 39 Conn. App. 183, 206, 664 A.2d 1136 (1995); we conclude that there was no injury done by the defendants to the plaintiffs' right to receive the benefits of the agreement, which injury would be requisite to a breach of the implied covenant of good faith and fair dealing. As the plaintiffs received the benefits of the parking agreement to which they were entitled by law, we conclude that this claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The trial court also found, however, that the plaintiffs had presented insufficient evidence for the court to conclude that their parking requirements were not being reasonably met under the agreement. As the plaintiffs

have not adequately briefed a challenge to this sufficiency determination, we will not address that issue on appeal. See Practice Book § 67-4; *State* v. *Pompei*, 52 Conn. App. 303, 309, 726 A.2d 644 (1999) (this court not required to review issues improperly presented through inadequate brief).