[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brought an action alleging that the defendant's refusal to provide underinsured motorist coverage constitutes a CT Page 1655 breach of contract and a breach of the covenant of good faith and fair dealing, counts one and two respectively. The defendant moves to strike the second count along with the claim for punitive damages on the ground that the second count fails to set forth sufficient facts to sustain claims for tortious breach of contract and punitive damages. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994).
The court denies the defendant's motion to strike because the plaintiff sufficiently alleged a claim for breach of the covenant of good faith and fair dealing. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence, it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) MiddletownCommercial Associates Ltd. Partnership v. Middletown,53 Conn. App. 432, 437, 730 A.2d 1201, cert. denied, 250 Conn. 919,738 A.2d 657 (1999). Here, the plaintiff alleges that the defendant breached the covenant of good faith and fair dealing through the following actions: (1) failing to attempt a settlement in good faith; (2) compelling the plaintiff to initiate litigation to recover under the insurance contract; (3) failing to investigate adequately the plaintiff's claim; and (4) failing to respond promptly to the plaintiff's communications. The aforementioned allegations set forth sufficient facts to sustain a claim for breach of the covenant of good faith and fair dealing. SeeHennessey v. The Travelers Property Casualty Ins. Co., Superior Court, judicial district of Danbury at Danbury, Docket No. 332786 (April 14, 1999, Moraghan, J.) (24 Conn. L. Rptr. 368, 369-70) (holding similar allegations sufficient to sustain claim of breach of the covenant of good faith and fair dealing); Burnsidev. Nationwide Mutual Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343068 (September 18, 1997, Melville, J.) (same); Genovese Enterprises, Inc. v. SphereDrake Ins. PLC, Superior Court, judicial district of Waterbury at Waterbury (September 9, 1996, Pellegrino, J.) (17 Conn. L. Rptr. 557, 558) (same). Furthermore, the aforementioned allegations distinguish the present case from cases holding that allegations of a refusal to pay benefits fail to constitute sufficient facts for claim of breach of the covenant of good faith and fair dealing. See Ryan v. Allstate Indemnity Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CT Page 1656 142573 (September 22, 1998, D'Andrea, J.)[1] (granting motion to strike claim of breach of the covenant of good faith and fair dealing when plaintiff only alleged fact that defendant refused to pay); Buenaventura v. Savings Bank Life Ins. Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 364923 (October 12, 1990, Heiman, J.) (same). Moreover, the court denies the motion to strike the plaintiff's claim for punitive damages because the plaintiff sufficiently alleged a breach of the covenant of good faith and fair dealing. See Candido v. Worcester Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 343978 (April 18, 1995, Gray, J.) (14 Conn. L. Rptr. 73, 74) (denying motion to strike punitive damages when plaintiff sufficiently alleged breach of the covenant of good faith and fair dealing). Accordingly, the court denies the defendant's motion to strike count two and punitive damage claim.
So Ordered.
D'ANDREA, J.