[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 10265
The plaintiff, Janet Vitarius, filed an amended four count complaint against the defendant, Security Link from Ameritech, on February 28, 2000. The plaintiff alleges that she had an employment contract with the defendant which it breached. Count one alleges that the defendant owes her money for an unpaid car allowance; count two alleges that the defendant breached its implied covenant of good faith and fair dealing; count three alleges that the defendant issued an unwarranted and erroneous W-2 form for the 1997 tax year causing her to delay her tax return filing; and count four alleges that the defendant was unjustly enriched by retaining the monies due and owing to the plaintiff.
The defendant moves to strike the second and fourth counts of the complaint, the claim for attorney's fees and costs, and punitive damages. The plaintiff filed an objection and supporting memorandum.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." Practice Book § 10-39
(a); Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiffs complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Parsonsv. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997); see also Cotto v. United Technologies Corp., 251 Conn. 1, 18, 738 A.2d 623
(1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,271, 709 A.2d 558 (1998).
The defendant argues, with respect to count two, that "[t]he plaintiff has failed to allege bad faith sufficient to support a cause of action for breach of the implied covenant of good faith and fair dealing." (Defendant's Memorandum, p. 4.) The plaintiff objects, arguing that the use of the specific term "bad faith" is not necessary.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the CT Page 10266 right of the other to receive the benefits of the agreement. . . . Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. . . . Conversely, [b]ad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Middletown Commercial Associates Ltd. Partnership v.Middletown, 53 Conn. App. 432, 437, 730 A.2d 1201, cert. denied,250 Conn. 919, 738 A.2d 657 (1999). "[B]ad faith is defined as the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by, an honest mistake as to one's rights or duties. . . . [B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Buckman v. People Express, Inc., 205 Conn. 166,171, 530 A.2d 596 (1987). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.)Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992); see alsoFeinberg v. Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709 (1993) ("Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive.") Furthermore, "the existence of a contract between the parties is a necessary antecedent to any claim of breach of the duty of good faith and fair dealing." Hoskinsv. Titan Value Equities Group, Inc., 252 Conn. 789, 793, 749 A.2d 1144
(2000). Additionally, an "injury would be requisite to a breach of the implied covenant of good faith and fair dealing." Middletown CommercialAssociates Ltd. Partnership v. Middletown, supra, 53 Conn. App. 438.
The plaintiff alleges that she and the defendant were parties to a contract under which she reasonably expected to receive certain benefits. She alleges that the defendant has engaged in conduct that injured her right to receive some or all of those benefits. As for the final element, that the defendant acted in bad faith, the plaintiff alleges that the defendant, "[b]y its unlawful action in refusing and neglecting to abide by the terms of the parties' agreement . . . breached its implied covenant of good faith and fair dealing with respect to the performance and enforcement of said employment contract." (Revised Complaint, ¶ 9). The plaintiff, however, does not allege facts indicative of bad faith, that is, there are no allegations of fraud, conscious deception, an interested or sinister motive or dishonest purpose. See Habetz v. Condon, supra, 224 Conn. 237. The allegation that the defendant refused or neglected to abide by the terms of the parties' CT Page 10267 agreement, standing alone, is not enough to maintain a cause of action sounding in a breach of the duty of good faith and fair dealing. "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berglewicz, supra, 32 Conn. App. 862.
Count two of the complaint is legally insufficient. The motion to strike count two, therefore, is granted.
With respect to count four, the defendant argues that "the plaintiff has alleged the existence of an express contract within her unjust enrichment count, and proof of an express contract defeats such a claim for equitable damages." (Defendant's Memorandum, p. 6.) The plaintiff also argues that she has properly alleged an unjust enrichment claim because the rules of practice permit a party to plead in the alternative.
"Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreier v. Upjohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985); see also Sharp v. Wyatt, Inc.,31 Conn. App. 824, 844, 627 A.2d 1347 (1993), aff'd, 230 Conn. 12,644 A.2d 871 (1994); DeVita v. Esposito, 13 Conn. App. 101, 105,535 A.2d 364 (1987), cert. denied, 207 Conn. 807, 540 A.2d 375 (1988). The plaintiff may not be able to recover under her breach of contract claim against the defendant, but may be able to do so under her unjust enrichment claim. This court will not eliminate her options. See Doe v.Odili Technologies, Superior Court, judicial district of Danbury, Docket No. 327738 (November 18, 1999, Morghan, J.).
The motion to strike count four is therefore denied.
The defendant moves to strike the claim for attorney's fees, arguing that the plaintiff did not plead the existence of a statutory or contractual basis for such an award. The plaintiff argues that the trier of fact should determine the plaintiffs claim for attorney's fees.
"Ordinarily, a successful litigant is not entitled to an award of attorney's fees. See Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 72,689 A.2d 1097 (1997). This rule is known as the `American rule.' See 20 Am.Jur.2d, Costs § 72. `Connecticut adheres to the American rule. See, e.g., Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1,14, 513 A.2d 1218 (1986); Gino's Pizza of East Hartford, Inc. v. Kaplan,193 Conn. 135, 140, 475 A.2d 305 (1984); Gionfriddo v. Avis Rent A CarSystem, Inc., 192 Conn. 280, 297, 472 A.2d 306 (1984); Litton IndustriesCredit Corporation v. Catanuto, 175 Conn. 69, [76], 394 A.2d 191 (1978). CT Page 10268 . . .' Rizzo Pool Co. v. Del Grosso, supra, 72-73. Connecticut recognizes, however, the exceptions to this rule. A successful litigant is entitled to an award of attorney's fees if they are provided by contract; see Storm Associates, Inc. v. Baumgold, 186 Conn. 237, 245,440 A.2d 306 (1982); by statute; see, e.g., General Statutes § 52-251a
(attorney's fees awarded on small claims matter transferred to regular docket); or as an aspect of punitive damages. See Bodner v. UnitedServices Automobile Assn., 222 Conn. 480, 492, 610 A.2d 1212 (1992)."Jones v. Ippoliti, 52 Conn. App. 199, 208-09, 727 A.2d 713 (1999).
In the present case, the plaintiff does not allege that she is entitled to attorney's fees because of any existing contractual obligation, nor does the plaintiff indicate that any statute authorizes such an award. The motion to strike the claim for attorney's fees is granted.
The defendant also moves to strike the claim for punitive damages, arguing that the plaintiff did not allege some tortious conduct which would support such a claim. The plaintiff argues that the trier of fact should determine the plaintiffs claim for punitive damages.
"[A]t least where there is no allegation or proof that the termination of employment is violative of an important public policy, punitive damages cannot be recovered on a claim that a termination constituted a breach of the implied covenant of good faith and fair dealing contained in an employment contract." Barry v. Posi-Seal International, Inc.,40 Conn. App. 577, 587-88, 672 A.2d 514, cert. denied 237 Conn. 917,717 A.2d 258 (1996); see also Morse v. Hopkins School, Superior Court, judicial district of New Haven at New Haven, Docket No. 404269 (February 26, 1999, Delvin, J.) (24 Conn.L.Rptr. 87) ("The rule in Connecticut with respect to recovering punitive damages for a violation of the covenant of good faith and fair dealing claim provides that punitive damages are not recoverable in employment cases."). As discussed above, count two, alleging violation of the covenant of good faith and fair dealing has been stricken for insufficiency. Moreover, the plaintiff does not allege any violation of public policy in her claim of a violation of the covenant of good faith and fair dealing claim. Although "we must read the allegations of the complaint generously to sustain its viability, if possible . . . even a generous instruction does not permit stretching the plaintiffs complaint to include these missing allegations." (Citation omitted.) Cotto v. United Technologies Corp., supra, 251 Conn. 18.
The motion to strike the claim for punitive damages is granted.
The court grants the defendant's motion to strike count two, the claim for attorney's fees and punitive damages. The court denies, however, the defendant's motion to strike count four. CT Page 10269
GROGINS, J.