[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This action arises out of a foreclosure proceeding and a subsequent sale of property involving the plaintiffs, Paul and Jacqueline Scappaticci, and the defendants, G.E. Capital Mortgage Services, Inc. (G.E. Capital), Savings Bank of Manchester and Dorothy Flynn.[1] On August 6, 1998, the plaintiffs filed a thirteen count complaint against the defendants, and filed two revised complaints, the latter one being the operative pleading which was filed on August 6, 1999. On August 18, 1999, G.E. Capital filed a motion to strike counts one, two, five, six, ten, eleven and twelve of the plaintiffs' second revised complaint.[2]
 I. Count One — Good Faith and Fair Dealing
G.E. Capital moves to strike count one on the grounds that no such cause of action exists and that count one alleges, at a minimum, a breach of fiduciary duty claim. The plaintiffs argue, in response, that count one alleges sufficiently a cause of action for breach of the implied covenant of good faith and fair dealing and does not purport to allege a claim for breach of fiduciary duty.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) Middletown Commercial Associates Ltd.Partnership v. Middletown, 53 Conn. App. 432, 437, 730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999). "[B]ad faith means more than mere negligence; it involves a dishonest purpose." (Internal quotation marks omitted.) Id. Here, the plaintiffs allege a contractual relationship with G.E. Capital through a mortgage and note, and further allege that G.E. Capital breached its duty and obligation of good faith and fair dealing and/or acted in bad faith toward the plaintiffs. Specifically, the plaintiffs allege that G.E. Capital misrepresented the value of the property, received value significantly in excess of the debt, refused to lower the repurchase price, issued several threats to eject the plaintiffs and refused to reopen the foreclosure judgment despite subsequent appraisals.
The plaintiffs allege sufficiently a cause of action for breach of the CT Page 14911 implied covenant of good faith and fair dealing. Accordingly, G.E. Capital's motion to strike count one of the plaintiffs' second revised complaint is denied.
 II. Count Two — Abuse of Process
G.E. Capital moves to strike count two on the ground that the plaintiffs have failed to allege facts supporting a claim that G.E. Capital used a process to accomplish a purpose for which it was not intended. The plaintiffs argue that they allege sufficiently that G.E. Capital used the foreclosure process in an improper manner and for a purpose for which it was not designed.
"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Honanv. Dimyan, 52 Conn. App. 123, 130, 726 A.2d 613, cert. denied,249 Conn. 909, 733 A.2d 227 (1999). In count two, the plaintiffs reallege their claim for breach of the implied covenant of good faith and fair dealing and further allege that G.E. Capital misrepresented the amount of equity in the property to obtain title by strict foreclosure and possession of the premises and used the legal process to obtain funds in excess of the debt due by the plaintiffs.
In construing the facts in the complaint most favorably to the plaintiffs, the plaintiffs allege sufficiently a cause of action for abuse of process. Accordingly, G.E. Capital's motion to strike count two of the plaintiffs' second revised complaint is denied.
 III. Count Five — Fair Debt Collection Practices Act
G.E. Capital moves to strike count five on the grounds that the plaintiffs have failed to allege that G.E. Capital was attempting to collect a debt owed to anyone except itself and that G.E. Capital is a creditor, not a debt collector. The plaintiffs argue that they allege sufficiently that G.E. Capital is a debt collector within the meaning of the FDCPA.
"The FDCPA defines a debt collector as `any person who uses any instrumentality of interstate commerce or any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Saunders v. Stigers, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 054472 (October 20, 1999, Curran, J.), quoting 15 U.S.C. § 1692a (6). "[A] creditor collecting its own debt is not a debt collector. The legislative CT Page 14912 history of section 1692a (6) indicates conclusively that a debt collector does not include the consumer's creditors." (Internal quotation marks omitted.) Id. In this action, the plaintiffs allege that G.E. Capital is a debt collector, however, they fail to allege that G.E. Capital was attempting to collect a debt owed or due another. Saunders v. Stigers, supra, Superior Court, Docket No. 054472.
The plaintiffs insufficiently allege a cause of action under the FDCPA. Accordingly, G.E. Capital's motion to strike count five of the plaintiffs' second revised complaint is granted.
 IV. Count Eleven — Intentional Infliction of Emotional Distress
G.E. Capital moves to strike count eleven on the grounds that the plaintiffs fail to allege that G.E. Capital intended to inflict emotional distress, that the conduct was extreme and outrageous and that the emotional distress sustained by the plaintiffs was severe. The plaintiffs argue that they allege sufficiently a cause of action for intentional infliction of emotional distress.
"For the plaintiff to prevail on a claim of intentional infliction of emotional distress . . . [i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Muniz v. Kravis, 59 Conn. App. 704, 708, 757 A.2d 1207 (2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 210-11,757 A.2d 1059 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Id., 210; see also Bell v. Board ofEducation, 55 Conn. App. 400, 410, 739 A.2d 321 (1999). "Only where reasonable minds disagree does it become an issue for the jury." Appletonv. Board of Education, supra, 254 Conn. 210; Bell v. Board of Education, supra, 55 Conn. App. 410.
In this action, the plaintiffs allege that they suffered emotional distress that was severe, however, they did not allege that G.E. Capital intended to inflict emotional distress upon the plaintiffs. The plaintiffs further allege that G.E. Capital issued several "threats" to eject the plaintiffs from their residence, under the authority of the CT Page 14913 foreclosure judgment, and then subsequently ejected the plaintiffs and their family from the residence. The plaintiffs do not elaborate, however, on the nature of these alleged "threats." Absent such, merely alleging "threats" is insufficient to allege conduct which is extreme and outrageous. See Locuk v. Cook, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050210 (February 11, 1998,Corradino, J.) (21 Conn.L.Rptr. 377, 382) (noting that intentional infliction of emotional distress does not apply to "mere" threats). The conduct alleged is not so outrageous and extreme in character, taken in the context of foreclosure proceedings, to form the basis for an action premised upon intentional infliction of emotional distress. Appleton v.Board of Education of Stonington, supra, 254 Conn. 210-11.
The plaintiffs insufficiently allege a cause of action for intentional infliction of emotional distress. Accordingly, G.E. Capital's motion to strike count eleven of the plaintiffs' second revised complaint is granted.
 V. Count Twelve — Negligent Infliction of Emotional Distress
G.E. Capital moves to strike count twelve on the ground that the plaintiffs failed to allege that G.E. Capital should have realized that the conduct involved an unreasonable risk of causing emotional distress. "Elm order to state such a claim, the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 88, 700 A.2d 655 (1997). Here, the plaintiffs fail to plead that G.E. Capital should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress would result in illness or bodily harm. Id.
The plaintiffs have failed to meet their burden of pleading a cause of action for negligent infliction of emotional distress. Accordingly, the court grants G.E. Capital's motion to strike count twelve of the plaintiffs' second revised complaint.
To summarize, G.E. Capital's motion to strike counts one and two is denied and G.E. Capital's motion to strike counts five, six, ten, eleven and twelve of the plaintiffs' second revised complaint is granted.
Freed, J.