[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#107)
 FACTS
On July 27, 2000, the plaintiff, Kevin Brown, filed a six count amended complaint against the defendant, the New London Day, alleging that his employment was, in essence, wrongfully terminated.[1] In the complaint the following facts are alleged: The plaintiff was employed by the defendant as a driver and a jumper in the defendant's distribution department. On April 19, 1998, the plaintiff was promoted to the position of assistant distribution manager. The employment agreement, governing the plaintiff's promotion, was for an indefinite period of time and implied that the plaintiff would not be discharged for an improper reason. CT Page 10287
In early July, 1998, the plaintiff received information that another employee might be patronizing a prostitute during business hours. The plaintiff discussed this information with members of the New London police department who stated that they had seen the employee with an alleged prostitute in a company van during a routine traffic stop. Shortly thereafter, the police located the body of the alleged prostitute in Waterford, Connecticut, and started an investigation into her suspected murder.
During the investigation, the police contacted the plaintiff and asked him for information regarding the employee who was seen in the van with the murder victim. The police further indicated that they wished to question the employee seen in the van and other employees of the Day. The plaintiff informed the manager of the defendant's circulation department of the officer's request on July 9, 1998.
On July 10, 1998, the plaintiff was fired by Robert LeQuear, the defendant's circulation director. The plaintiff was told he was fired because he had made bad management decisions and had not passed his probationary period.
On November 20, 2000, the defendant filed a motion to strike counts one, three, four, five and six of the complaint and a memorandum of law in support of its motion. On February 16, 2001, the plaintiff filed a memorandum of law in objection to the motion to strike. By stipulation, the defendant has agreed to withdraw his motion to strike count three of the complaint. The plaintiff has agreed to withdraw his objection to the motion to strike counts five and six of the complaint. The decision on the motion to strike before the court is limited, therefore, to counts one and four of the complaint. Count one alleges a cause of action for wrongful discharge. Count four alleges the plaintiff was discharged in violation of the implied covenant of good faith and fair dealing. Although not subject to the motion to strike, count two alleges that the plaintiff was terminated in violation of General Statutes § 31-51q.[2]
 DISCUSSION
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 522, 753 A.2d 927 (2000). In deciding on a motion to strike, the court must "read the allegations of the complaint generously to sustain its viability. . . ."Sherwood v. Danbury Hospital, 252 Conn. 193, 212,746 A.2d 730 (2000). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,
CT Page 10288240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Brackets omitted.) Lombard v. EdwardI. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000). "In deciding on a motion to strike . . . the trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) LiljedahlBrothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) PamelaB. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
Count one
Count one of the complaint alleges a cause of action for wrongful discharge. The defendant moves to strike count one on the ground the plaintiff has failed to state a claim upon which relief can be granted. Specifically, the defendant argues that because count one alleges that the plaintiff was terminated for speaking with and cooperating with the police it in essence claims wrongful discharge for exercising the constitutionally protected right to freedom of speech. The defendant argues that General Statutes § 31-51q provides the sole remedy for an employee terminated for exercising the right to freedom of speech. Therefore, the defendant argues the plaintiff may not pursue a common law action for wrongful discharge.
The plaintiff argues that the defendant's motion to strike the first count should be denied because the activity alleged in the first count is not limited to the plaintiff's exercise of his rights to free speech. Specifically, the plaintiff argues that his cooperation with the police is protected by a separate public policy which encourages the cooperation of citizens with the police. The plaintiff additionally argues that he has no other redress for the defendant's violation of this public policy. Therefore, the plaintiff argues the defendant's motion to strike count one should be denied.
"[T]he public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one . . . [and] courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." Burnham v.Karl Gelb, P.C., 252 Conn. 153, 165, 745 A.2d 178 (2000). "A cause of action for wrongful discharge is only recognized where public policy is clearly contravened." Atkinson v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648, 501 A.2d 1223 (1985), citing Sheets v. Teddy'sFrosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980). "The cases CT Page 10289 which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Emphasis in original; internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., supra,252 Conn. 159-60.
"Section 31-51q protects an employee from retaliatory discharge due to that employee's exercise of certain enumerated rights, including, inter alia, the right to freedom of expression as guaranteed by thefirst amendment to the United States constitution, and article first, § 4, of the Connecticut constitution." Daley v. Aetna Life Casualty Co.,249 Conn. 766, 778, 734 A.2d 112 (1999). General Statutes § 31-51q
"applies only to expressions regarding public concerns that are motivated by an employee's desire to speak out as a citizen." Cotto v. UnitedTechnologies Corp., 251 Conn. 1, 17, 738 A.2d 623 (1999).
The plaintiff has not cited any authority which supports his contention that there is a public policy in favor of encouraging private citizens to assist the police in their criminal investigations. Assuming, without deciding, that such a public policy exists, General Statutes § 31-51q
is broad enough to vindicate this public policy. The statute is sufficient to protect an employee from retaliatory discharge when the discharge arises out of the employee's cooperation with a police investigation so long the employees cooperation with the police was not an express condition of his employment. See Daley v. Aetna Life Casualty Co., supra, 249 Conn. 776. (General Statutes § 31-51q
operates to protect "from retaliatory discharge an employee who invokes constitutionally guaranteed free speech rights that, in turn, protect statements that address a matter of public concern. ") The plaintiff has not pleaded that he was required to assist the police as a condition of his employment. The plaintiff's communication with the police is a matter that arguably addresses public concern. The plaintiff's claim of unlawful discharge for communicating with the police over a matter of public concern is protected by General Statutes § 31-51q.
General Statutes § 31-51q also provides the plaintiff with an adequate remedy for the alleged wrongful discharge. In his prayer for relief, the plaintiff seeks common law damages, exemplary damages, and punitive damages, attorney's fees, cost and interest. General Statutes § 31-51q provides that an employer who has wrongfully discharged an employee in violation of this section "shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages." CT Page 10290
A common law claim for wrongful discharge exists only where the employee is wrongfully discharged and is otherwise without a legal remedy. Atkins v. Bridgeport Hydraulic Co., supra, 5 Conn. App. 648. As the plaintiff has a statutory remedy available to him in General Statutes § 31-51q, the statutory remedy provides an exclusive remedy for the alleged wrongful discharge. The defendant's motion to strike count one is, therefore, granted.
Count four
In count four, the plaintiff alleges that the defendant breached an implied covenant of good faith and fair dealing when it discharged him for cooperating with a police investigation even though the plaintiff had a duty, under his employment agreement with the defendant, to use his best efforts to prevent the defendant's other employees from engaging in criminal activities while at work. The defendant moves to strike count four on the ground it fails to state a claim upon which relief can be granted. Specifically, the defendant argues that a cause of action for a breach of the implied covenant of good faith and fair dealing must allege that an actual contract existed between the plaintiff and the defendant and that, while the defendant adhered to the actual terms of the contract, the defendant violated the spirit of the contract by acting in a manner which violated the legitimate expectations of the parties. The defendant argues that because the plaintiff alleges that the defendant breached the actual terms of the contract by terminating his employment he may not recover based on the implied covenant of good faith and fair dealing.
"In Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 479 A.2d 781
(1984), our Supreme Court addressed the issue of whether the doctrine of an implied covenant of good faith and fair dealing is applicable to the termination of an employment contract. . . . The Magnan court accepted the principle that implied in every contract of employment is a covenant of good faith and fair dealing in the contractual relationship. . . ."Doherty v. Sullivan, 29 Conn. App. 736, 742, 618 A.2d 56 (1992). The implied covenant of good faith and fair dealing is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. . . ." (Citations omitted; internal quotation marks omitted.) Middletown CommercialAssociates Ltd. Partnership v. Middletown, 53 Conn. App. 432, 437,730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999). In order to violate the covenant, the employer must act in bad faith. Id. Bad faith "in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as CT Page 10291 to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231,237, 618 A.2d 501 (1992).
Count four alleges that the plaintiff was required to investigate the criminal behavior of the employee's of the Day in his position as an assistant distribution manager and the plaintiff was discharged for investigating criminal conduct by his fellow employees. Specifically, the plaintiff alleges that the plaintiff and defendant had agreed that the plaintiff should "[t]ry to insure that employees of the Day did not engage in criminal activity during working hours," be concerned with information regarding the criminal activities of the Day's other employees, and "[i]nvestigate or pursue information that came to his attention regarding criminal activity or possible criminal activity by Day employee's under his supervision. "The plaintiff further alleges that the defendant breached the common purposes of the agreement by discharging him for "trying to ensure that the employees of the Day did not engage in criminal activity during working hours or at a time when they were supposed to be performing services on behalf" of the defendant, being concerned "with information regarding the conduct and character of employees under his supervision . . ." and "investigating or pursuing information that came to his attention regarding criminal activity or possible criminal activity by [the] employee's under his supervision."
Read in the light most favorable to the plaintiff, these allegations are not enough to show that the defendant acted in bad faith and they are insufficient to support a cause of action for the violation of the implied covenant of good faith and fair dealing. The plaintiff has not specifically alleged that the defendant acted with any type of sinister or interested motive when it fired the plaintiff. The plaintiff has also not alleged that the defendant acted fraudulently or with a design to deceive another when it fired the plaintiff.
Our Supreme Court has held that "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). As the plaintiff's allegation that the defendant's actions were in bad faith are mere conclusions of law, the defendant's motion to strike count four of the complaint is granted.
 CONCLUSION
For the aforementioned reasons, the defendant's motion to strike counts one, four, five and six is hereby granted. CT Page 10292
D. Michael Hurley Judge Trial Referee