[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on HRH/Atlas' Motion to Strike
The defendant, HRH/Atlas Construction, Inc.("HRH/Atlas") moves to strike Counts Four and Six of the plaintiff's April 24, 2001, Revised Complaint on the grounds that they do not state a sufficient cause of action. In Count Four the plaintiff alleges a breach of the covenant of good faith and fair dealing and Count Six alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").
HRH/Atlas is a general contractor and the plaintiff was its steel subcontractor on a project involving the construction of a building on the campus of the University of Connecticut. During the project certain disputes arose between the parties and this litigation resulted.
The standard of review when considering a motion to strike is well settled; the court must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. Dollard v. Board of Education,63 Conn. App. 550, 553 (2001). "`If facts provable in the complaint would support a cause of action, the motion to strike must be denied.' (Citations omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996)." Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997).
As to Count Four: "`Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. . . . Conversely, [b]ad faith means more than mere negligence; it involves a dishonest purpose.' . . . MiddletownCommercial Associates Ltd. Partnership v. Middletown, CT Page 1089353 Conn. App. 432, 437, 730 A.2d 1201, cert. denied,250 Conn. 919, 738 A.2d 657 (1999)." Barber v. Jacobs,58 Conn. App. 330, 338 (2000); see also, Gupta v. New Britain GeneralHospital, 239 Conn. 574, 598 (1996). "Bad faith in general implies both "actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.' Black's Law Dictionary (5th Ed. 1979)." Habetz v. Condon, 224 Conn. 231, 237 (1992).
Count Four of the Revised Complaint alleges that HRH breached the covenant of good faith and fair dealing by providing United Steel with "inaccurate and inadequate" information (Paragraph 43(a)); by "failing or refusing . . . to implement an adequate and efficient approval process for requests for information (Paragraph 43(b)); by "failing and refusing to respond to United Steel's requests for information in a timely and adequate fashion" (Paragraph 43(c)); by permitting the project's architects and engineer to respond "with misleading and inaccurate information" to their requests for information (Paragraph 43(d)and (e)); "by misrepresenting to United Steel that certain materials [and services] were contemplated by the Subcontract in an effort to avoid paying United Steel for materials beyond the scope of the Subcontract" (Paragraph 43(f) and (g)); and by "failing or refusing to adequately supervise and manage the Project" (Paragraph 43(i)). To "mislead" means "to lead in a wrong direction or into a mistaken action or belief often by deliberate deceit", Meriam Webster's Collegiate Dictionary, Tenth Edition. Similarly, to "misrepresent" means "to give a false or misleading representation of usually with an intent to deceive or be unfair." Id. Therefore viewing the allegations in a light most favorable to the plaintiff, they are sufficient to support a claim for breach of the covenant of good faith and fair dealing.
In Count Six of the Revised Complaint, the plaintiff realleges the allegations in support of its claims for breach of the subcontract with HRH, negligence, breach of the covenant of good faith and fair dealing, and negligent misrepresentation, and claims that these actions are deceptive and misleading in violation of the Connecticut Unfair Trade Practices Act, "CUTPA", Conn. Gen. Stat. § 42-110a et seq. The CUTPA statute provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b (a). Although the plaintiff claims that each of its separate claims supports a cause of action under CUTPA, when combined together, the plaintiff claims that there is no question that they do so. In any event, the Supreme Court has stated that it is well settled that CUTPA violations do not necessarily have to be based on an underlying actionable wrong, Hartford ElectricCT Page 10894Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 369 (1999). Because CUTPA is a remedial statute, it is construed liberally and embraces a much broader range of business conduct than does a common law tort action.Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 756 (1984). "A trial court must guard against considering business tort claims and CUTPA claims in the same light. Conduct that might be actionable under CUTPA may not rise to a level sufficient to invoke tort liability. The reverse of that proposition, however, is seldom true. Provided a plaintiff shows that his or her claim is cloaked with the necessary public interest, it is difficult to conceive of a situation where tortious interference would be found but a CUTPA violation would not." Id.
"In determining whether a case falls within the scope of CUTPA's general description of unfair or deceptive practices, our courts have adopted the `cigarette rule' set forth in FTC v. Sperry HutchinsonCo., 405 U.S. 233, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972) . . . `Under that standard, three factors will be looked at to determine if an action or practice is unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law statute, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .' . . ." Noble v. Marshall,23 Conn. App. 227, 229-230 (1990). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Hartford Electric Supply Co. v.Allen-Bradley Co., 250 Conn. 334, 369 (1999) (quoting Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43
(1998)).
The plaintiff's Revised Complaint meets the standards set forth above. It claims that the defendant engaged in conduct which was designed to misrepresent, mislead, and obstruct the plaintiff in the carrying out of its obligations pursuant to a contract concerning the construction of a public building. For example, the plaintiff alleges that the defendant breached its duty to ensure that the project's architects and engineers performed their duties in accordance with professional standards and that the plaintiff's architects and engineers provided it with misleading and inaccurate information. Such actions offend the public policy that a subcontractor on a public works contract must be able to carry out its obligations according to the terms of the contract in order to ensure the public safety. As alleged by the plaintiff, the defendant's actions have also resulted in its substantial injury. Thus the allegations of the Revised Complaint are sufficient to state a CUTPA claim. CT Page 10895
The Defendant's Motion to Strike is denied.
Scholl, J.