[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON MOTION FOR SUMMARY JUDGMENT #103
On April 16, 2001, the plaintiffs, John Bestor, Kenneth and Barbara Chimileski, and Timothy and Pamela Kochuba, commenced the present action against the defendants, Louis DeFilio and Walnut Tree Developers, Inc.[1]
The plaintiffs generally allege that the defendants entered into an agreement with them pursuant to which the plaintiffs agreed to abandon their opposition to a condominium complex the defendants were planning to build in exchange for the defendants agreeing to make changes to the plans, such as reducing the number of units.
On June 7, 2001, the plaintiffs filed a three count amended complaint. In the first count, the plaintiffs allege that they are the owners of three parcels of land on Walnut Tree Hill Road, Newtown, Connecticut.[2]
The plaintiffs allege that on or about January 12, 1994, DeFilio purchased eighteen acres adjacent to plaintiffs' property. They further allege that DeFilio then applied to the local planning and zoning commission and conservation commission for permission to construct condominiums on his land. The plaintiffs objected to the application and appealed the conservation commission's approval of the application to the Superior Court. The parties came to a settlement, the terms of which are set out in a written settlement agreement (agreement). The various parties signed the agreement on September 13-14, 1994.[3] (Defendants' Memorandum, Exhibit 6.)
The agreement provides that "Louis DeFilio . . . was the owner of property on Walnut Tree Hill Road, Newtown, Connecticut, zoned EH-10 for which an application for a special exception for the construction of 90 condominium units was pending before the Newtown Planning and Zoning Commission." (Defendants' Memorandum, Exhibit 6 par; 1.) The agreement further states that in exchange for DeFilio agreeing to reduce the number of planned condominium units and make other changes, the plaintiffs promised not to object to his application for approval from the planning and zoning commission and to withdraw their pending appeal. (Defendants' Memorandum, Exhibit 6, ¶¶ 1-5.) It also states that "DeFilio agrees that the maximum number of units now or in the future shall be 80 units. . . ." (Defendants' Memorandum, Exhibit 6, ¶ 3.) Each party to the agreement signed above a blank bearing his or her name, address, and lot number. (Defendants' Memorandum, Exhibit 6, pp. 2-4.) CT Page 15969
After the agreement was signed, DeFilio conveyed his property to his company, Walnut Tree Developers, Inc. The plaintiffs allege that the planning and zoning commission granted the defendants' application to construct an eighty unit condominium development because they withdrew their appeal and refrained from further opposition to the defendants' application.
DeFilio then acquired thirty-five acres adjacent to the eighteen acres he previously owned (additional property). On January 3, 1996, DeFilio and Walnut Tree Developers filed a condominium declaration, stating that it was their intent to build up to 255 condominiums on the original property, with an option to build in excess of eighty units on the additional property. (Defendants' Memorandum, Exhibit 13, p. 4 and Exhibit A-1.) DeFilio then conveyed his interest in the additional property to Walnut Tree Developers. The plaintiffs allege that this proposed development violates the terms of the agreement, and is therefore prohibited. In their request for relief in count one, the plaintiffs seek a declaratory judgment and injunction against defendants to enforce the agreement.
In the second count of the amended complaint, Bestor asserts a claim of action against the defendants for a breach of contract. This count pertains to a separate agreement between Bestor and DeFilio. In the third count of the amended complaint, the Chimileskis assert a claim against the defendants for a breach of contract. This claim deals with a similar separate agreement between the Chimileskis and DeFilio.
The defendants filed a motion for summary judgment as to count one of the amended complaint on June 20, 2001. The defendants submitted a memorandum, affidavits and numerous certified documents in support of their motion. The defendants assert that the agreement is controlling, its terms and conditions are clear, and thus, there is no genuine issue of material fact to be decided in the present case. The defendants argue that they are entitled to summary judgment as a matter of law.
The plaintiffs responded by filing a memorandum and affidavits in opposition to the motion for summary judgment on July 2, 2001. The plaintiffs acknowledge that the terms and conditions of the agreement are controlling but assert that there is a genuine issue of material fact as to the meaning of the terms in the contract. The plaintiffs contend that intent is controlling, and that because intent is a question of fact, this issue is not ripe for summary judgment.
A motion for summary judgment "is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). Summary CT Page 15970 judgment "is appropriate only if a fair and reasonable person could conclude only one way. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the lightmost favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; emphasis in original; internal quotation marks omitted.) Miller v. United Technologies Corp. 233 Conn. 732,751-52, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine if any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Appleton v. Board of Educationof Stonington, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
The defendants' motion for summary judgment is based on their contention that the terms of the agreement are clear and, therefore, the interpretation of the agreement is merely a matter of law. The plaintiffs respond by contending that the terms of the agreement are ambiguous and proper resolution of the case requires an examination of the intent of the parties to the agreement, which requires a finding of fact.
"Although ordinarily the question of contract interpretation, being a question of the parties intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitment is a question of law. . . ." (Internal quotation marks omitted.) Tallmadge Brothers, Inc. v. IroquoisGas Transmission System, 252 Conn. 479, 495, 746 A.2d 1277 (2000). "A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity must CT Page 15971 emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.) Id., 498.
It is without dispute that the agreement is the controlling document in this matter. The parties disagree, however, on the purpose, meaning or effect of the agreement. The agreement provides:
 Louis DeFilio (DeFilio) is the owner of property on Walnut Tree Hill Road, Newtown, Connecticut, zoned EH-10 for which an application for a special exception for the construction of 90 condominium units is pending before the Newtown Planning and Zoning Commission.
 An Appeal from the issuance of a license by the Newtown Conservation Commission as it related to DeFilio's condominium development has been taken by . . . neighbors). . . .
 The said parties have agreed upon a revised site plan for 80 units, elderly housing, dated August 10, 1994, and the parties acknowledge receipt of a copy of same.
In consideration for the mutual promises made herein. . . .:
 1. DeFilio shall withdraw his application for special exemption for the construction of a 90-unit development.
 2. DeFilio shall resubmit a special exception application for the construction . . . substantially the same as the master plan and site layout dated August 10, 1994. . . .
 3. DeFilio agrees that the maximum number of units now or in the future shall be 80. . . .
 7. This agreement shall bind the heirs, successors and assigns of DeFilio and the [plaintiffs] and the properties owned at the addresses indicated. . . . The numbers following the addresses are the Newtown Assessor's Office Map, Block and Lot Numbers.
CT Page 15972 (Defendants' Memorandum, Exhibit 6, pp. 1-2.)
From this language, it remains unclear what land the agreement is meant to control — whether it is merely the eighteen acres, as the defendants contend, or the defendants' development plans as a whole, as the plaintiffs contend. The defendants argue that because DeFilio did not possess the thirty-five acre parcel at the time the agreement was executed, it must be excluded, and therefore, the agreement could only refer to the eighteen acre parcel. The defendants also point out that the eighteen acre parcel is the only piece of land referred to, by address and lot number under DeFilio's signature. The defendants also contend that references in the agreement to the site plan, master plan and site design layout incorporated those documents by reference and indicated that the agreement controlled the eighteen acres alone. The defendants' position is essentially the "Agreement does not limit the size of [the development], it limits the development of the eighteen acres."
The plaintiffs argue that the language in the agreement pertains to the defendants' housing development plans, not to a specific parcel of land. The plaintiffs contend that the portion of the agreement, which states that "DeFilio agrees that the maximum number of units now or in the future shall be 80 units . . ." must be viewed in light of all the surrounding circumstances in order to determine the intent of the parties in making the contract. Because the language of the contract is unclear, the plaintiffs argue the intent of the parties becomes an issue in the case.
The court finds that the defendants have not met their burden of demonstrating the terms of the agreement are clear and unambiguous. "The interpretation of a contract term that is not so clear as to render its interpretation a matter of law is a question of fact. . . ." (Internal quotation marks omitted.) Middletown Commercial Associates Ltd.Partnership v. Middletown, 53 Conn. App. 432, 434, 730 A.2d 1201 (1999), cert. denied, 250 Conn. 919, 738 A.2d 657 (1999). "[A]llegations regarding the [parties'] states of minds and motives . . . are not ordinarily subject to determination on the basis of documentary proof alone." Shay v. Rossi, 253 Conn. 134, 174, 749 A.2d 1147 (2000). "A question of intent raises a issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995).
In the present case, because the contract terms of the agreement are ambiguous, the intent of the parties in making the agreement becomes crucial to properly enforcing it. Therefore, a factual finding of the parties' intent must be undertaken to properly understand what the agreement entails. Summary judgment is not appropriate for the present CT Page 15973 case because the resolution of the case hinges on factual matters which are in dispute.
Because there is a genuine issue of material fact as to both the plain meaning of the agreement and the intent of the parties in signing it, the defendants' motion for summary judgment is denied.
White, J.