LINDA DOLLARD *v.* BOARD OF EDUCATION OF THE TOWN OF ORANGE ET AL.
(AC 20651)

Landau, Schaller and Mihalakos, Js.

Submitted on briefs January 12—officially released May 29, 2001

---

[8] See footnote 2.

*Norman A. Pattis* filed a brief for the appellant (plaintiff).

*Sheila A. Huddleston, Linda L. Yoder* and *Neil B. Stekloff* filed a brief for the appellees (defendants).

*Opinion*

LANDAU, J. The plaintiff, Linda Dollard, appeals from the judgment of the trial court rendered following the granting of the defendants'[1] motion to strike both counts of her complaint. The sole issue on appeal is whether the court improperly granted the defendants' motion to strike the first count, which alleged intentional infliction of emotional distress.[2] We affirm the judgment of the trial court.

The following facts and procedural history are necessary for our resolution of the plaintiff's claim. The plaintiff's complaint contained two counts. In count one, the plaintiff alleged intentional infliction of emotional distress, and in count two the plaintiff alleged negligent infliction of emotional distress. The defendants filed a

---

[1] The defendants are Patricia Miller, Nicholas Tirozzi, John Kowal and the board of education of the town of Orange.

[2] The plaintiff argues, as she must, that the facts alleged in her complaint are sufficient to withstand the defendants' motion to strike. Without citing any authority for her proposition, the plaintiff also argues that it is per se improper for a trial court to dispose of a claim of intentional infliction of emotional distress by way of a motion to strike. We know of no authority that supports the plaintiff's proposition and note that this court previously has affirmed the granting of a motion to strike a claim for intentional infliction of emotional distress. See, e.g., *Biro* v. *Hirsch*, 62 Conn. App. 11, 21, 771 A.2d 129, cert. denied, 256 Conn. 908, 772 A.2d 601 (2001); *Muniz* v. *Kravis*, 59 Conn. App. 704, 711, 757 A.2d 1207 (2000).

motion to strike count one on the ground that the plaintiff had failed to allege that they had engaged in extreme and outrageous conduct, and count two on the ground that she had failed to allege that they had engaged in unreasonable conduct. The court granted the motion with respect to both counts.[3] Thereafter, the plaintiff announced that she did not intend to plead over and filed a motion for judgment to be rendered in favor of the defendants so that she could appeal from the granting of the motion to strike. The court rendered judgment accordingly.

For purposes of this appeal, we take as true the following facts alleged in the complaint. See *Bell* v. *Board of Education*, 55 Conn. App. 400, 402, 739 A.2d 321 (1999). The plaintiff was employed as a school psychologist by the defendant board of education of the town of Orange (board), and was supervised by the defendants Patricia Miller, Nicholas Tirozzi and John Kowal.[4] In 1998 and early 1999, the defendants jointly engaged in a concerted plan and effort to force the plaintiff to resign from her position or to become so distraught that they would have a colorable basis for terminating her employment. The defendants carried out their plan by hypercritically examining every small detail of her professional and personal conduct. Specifically, the defendants transferred the plaintiff to a school where she did not want to be assigned and then secretly hired

[3] In its memorandum of decision on the motion to strike, the court denied the defendants' motion to strike with respect to the second count. Thereafter, the defendants filed a motion to reargue and for reconsideration. The defendants argued that given the facts and the prevailing legal authority, the motion to strike the second count should have been granted. The court granted the defendants' motion and noted that its previous ruling denying the motion to strike the second count had been made in error.

[4] The individual defendants all were employees of the board. Miller was the director of special services, Tirozzi was the principal of the Peck Place School in Orange and Kowal was the superintendent of schools for the town of Orange.

someone to replace her at the school from which she had been transferred. The defendants also publicly admonished the plaintiff for chewing gum, being habitually late, being disorganized and not using her time well. Finally, the defendants unnecessarily placed the plaintiff under the intensive supervision of a friend of Tirozzi. The defendants ultimately forced the plaintiff to resign.

"The standard of review for granting a motion to strike is well settled. In an appeal from a judgment following the granting of a motion to strike, we must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . A motion to strike admits all facts well pleaded. See Practice Book § [10-39]. A determination regarding the legal sufficiency of a claim is, therefore, a conclusion of law, not a finding of fact. Accordingly, our review is plenary. *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997). . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997). Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. *Clohessy* v. *Bachelor*, 237 Conn. 31, 33 n.4, 675 A.2d 852 (1996)." (Citations omitted; internal quotation marks omitted.) *Bell* v. *Board of Education*, supra, 55 Conn. App. 404.

"For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's con-

duct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . *Petyan* v. *Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986). . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Citation omitted; internal quotation marks omitted.) *Muniz* v. *Kravis*, 59 Conn. App. 704, 708, 757 A.2d 1207 (2000).

The court properly struck the plaintiff's claim of intentional infliction of emotional distress because the plaintiff did not plead facts that support her allegation that the defendants' conduct was extreme and outrageous. For purposes of the tort of intentional infliction of emotional distress, extreme and outrageous conduct is that conduct that exceeds "all bounds usually tolerated by decent society . . . . *Petyan* v. *Ellis*, supra, 200 Conn. 254 n.5, quoting W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 12, p. 60. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citation omitted; internal quotation marks omitted.) *Appleton* v. *Board of Education*, 254 Conn. 205, 210–11, 757 A.2d 1059 (2000).

In *Appleton*, the plaintiff teacher alleged that the defendants[5] (1) subjected her to condescending com-

---

[5] The defendants were the board of education of the town of Stonington, and the principal and assistant principal of a school in Stonington. *Appleton* v. *Board of Education*, supra, 254 Conn. 207.

ments in front of her colleagues, (2) subjected her to two psychiatric examinations, (3) told her daughter that the plaintiff was acting differently and should take a few days off from work, (4) had police escort the plaintiff out of the school, and (5) suspended her employment and ultimately forced her to resign. Id., 211. Our Supreme Court concluded that the "defendants' actions . . . were not so atrocious as to exceed all bounds usually tolerated by decent society, [and] their conduct [was] insufficient to form the basis of an action for intentional infliction of emotional distress." Id., 212.

While the conduct alleged here may have been distressful and hurtful to the plaintiff, it was no more extreme and outrageous than the conduct alleged in *Appleton*. Accordingly, we conclude that the court properly granted the defendants' motion to strike the plaintiff's claim for intentional infliction of emotional distress.

The judgment is affirmed.

In this opinion the other judges concurred.