[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Celida M. Rossillo, filed a second amended complaint dated November 6, 2000, against the defendants, her former employer, Enterprise Mortgage Acceptance Company, LLC (Enterprise), and Jeffrey Knyal, an officer of Enterprise. The plaintiff alleges that her fellow employee, Knyal, subjected her to "various forms of verbal torment" and improper accusations, and that her employment at Enterprise was ultimately terminated.
The operative complaint is in seven counts. In the first count, the plaintiff alleges that by terminating her employment without just cause, the defendant Enterprise breached her written contract of employment dated November 18, 1997. Counts two and three are directed against Knyal and allege negligent infliction of emotional distress and intentional infliction of emotional distress, respectively. Counts four, five, six and seven are directed against Enterprise and allege intentional infliction of emotional distress, negligent infliction of emotional distress, tortious breach of the employment contract and tortious interference with the contract of employment, respectively.
The defendants have filed motion #105 to strike all seven counts of the complaint on the ground that none state a claim upon which relief may be granted. Practice Book § 10-39. The plaintiff has not objected to the CT Page 8126 motion to strike counts one, six and seven which pertain to the contract of employment but did object to striking the counts regarding intentional and negligent infliction of emotional distress.
Turning first to count two against Knyal, the plaintiff alleges that he knew, or should have known, that his conduct in: (1) falsely accusing her of not doing her job properly, and abusing the employer's sick leave policies; and (2) verbally tormenting her about her command of the English language and about her anatomy, involved an "unreasonable risk of causing emotional distress." In count four directed against Enterprise, the plaintiff alleges that the employer knew, or should have known, that Knyal's conduct "involved an unreasonable risk of causing emotional distress to the plaintiff." The issue on this motion to strike is whether the plaintiff by the use of the above quoted language, spelled out a cognizable cause of action for the negligent infliction of emotional distress.
Our Supreme Court has ruled that the negligent infliction of emotional distress requires that "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Montinieri v. Southern New EnglandTelephone Corp., 175 Conn. 337, 345, 398 A.2d 1180 (1978). "[T]he plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.)Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997).
Measured against this standard, the second and fifth counts allege a cause of action in negligent infliction of emotional distress, and hence the motion to strike these two counts is denied.
In the third count of the complaint, the plaintiff alleges that Knyal "intended to inflict severe emotional distress" on her and he knew, or should have known, that his conduct would cause her severe emotional distress, and this conduct was "extreme and outrageous." In the fourth count, the plaintiff contends that Enterprise, through its agents and employees, intended to inflict severe emotional distress on her, and knew, or should have known, that its conduct, again described as "extreme and outrageous" would result in severe emotional distress.
In a recent decision, Dollard v. Orange Board of Education,63 Conn. App. 550, ___ A.2d ___ (2001), the Appellate Court described intentional infliction of emotional distress as follows: "For the plaintiff to prevail on a claim of intentional infliction of emotional distress, CT Page 8127 four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Citation omitted.) Id., 553-54; accord Appletonv. Board of Education, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000).
Hence, the allegations of the third and fourth counts allege a cognizable claim of intentional infliction of emotional distress, and hence the motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of June, 2001.
 ___________________ WILLIAM B. LEWIS, JUDGE TRIAL REFEREE