[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION TO STRIKE FOURTH AND FIFTH COUNTS
Motion to Strike, Granted
By way of the first count in a revised complaint dated January 23, 2001, the plaintiff alleges that on or about March 25, 2000, and for sometime prior thereto, the defendant leased the premises known as 45 Ward Street, Hamden, Connecticut from the plaintiff. He further alleges that on or about March 25, 2000, the defendant vacated the subject premises and took several antique items of furniture and other household items, including, but not limited to a mahogany highboy, mahogany bookshelf, fabric rocking chair, bakers coffee table, electric heater, fireplace tool set and a full size bed set that belonged to the plaintiff. Plaintiff alleges that the aforementioned items were removed without, its authorization.
Plaintiff alleges in its complaint that it has, on numerous occasions contacted the defendant, its secretary and other associates and/or friends for the return of the items, but its request was refused.
By way of a second count, the plaintiff alleges that the defendant committed statutory theft pursuant to §§ 52-564 and 53a-119 of the Connecticut General Statutes.
By way of a third count, the plaintiff alleges that when the defendant vacated the premises, defendant was twenty two hundred dollars ($2,200.) in arrears on his rent and despite demand has refused to pay the arrears.
By way of a fourth count, the plaintiff alleges that the actions described in the first three counts rises to the level of a cause of action sounding in the intentional infliction of emotional distress.
By way of a fifth count, the plaintiff alleges that the actions described in the first three counts rises to the level of a cause of action sounding in the negligent infliction of emotional distress. On March 8, 2001, the defendant filed a Motion to Strike the Fourth and Fifth Counts of the Revised Complaint. Said Motion provides in pertinent part that:
CT Page 15115
 Pursuant to Practice Book Section 10-39, the defendant Jorge Ortero submits this Motion to Strike the Fourth and Fifth Counts of the plaintiffs revised complaint.[1]
In support of this motion, the undersigned attached herewith a Memorandum of Law in support of the Defendant's Motion to Strike.
The nonmoving party did not raise any issues concerning the motion not complying with the provisions of the Practice Book.
Section 10-39 of the Practice Book concerns the Motion to Strike. It provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . [T]hat party may do so by filing a motion to strike the contested pleading or part thereof.
Whereas the defendant has filed a motion to strike, a brief review of recent case law on Motions to Strike is necessary:
 We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. Bohan v. Last, 236 Conn. 670, 674, 674 A.2d 839 (1996); see also Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996). . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Amodio v. Cunningham, 182 Conn. 80, 83, 438 A.2d 6
(1980). Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . . Edwards v. Tardif 240 Conn. 610, 620, 692 A.2d 1266 (1997)." (Internal quotation marks CT Page 15116 omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
 Suffield Devel. Assoc. L.P. v. National Loan Inv., 64 Conn. App. 192
(2001).
The fourth count of the plaintiffs complaint sounds in the tort of intentional infliction of emotional distress:
 "For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337
(1986). . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Citation omitted; internal quotation marks omitted.) Muniz v. Kravis, 59 Conn. App. 704, 708, 757 A.2d 1207
(2000).
 Dollard v. Board of Education, 63 Conn. App. 550, 553 (2001).
 Liability for intentional infliction of emotional distress requires conduct that exceeds "`all bounds usually tolerated by decent society. . . .'" Petyan v. Ellis, supra, 200 Conn. 254 n. 5, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) § 12, p. 60. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965). "Conduct on CT Page 15117 the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 19, 597 A.2d 846 (1991).
 Appleton v. Board of Education of Stonington, 254 Conn. 205, 210 (2000).
While the conduct alleged in the fourth count of the plaintiffs revised complaint may have been distressful and hurtful to the plaintiff, it does not rise to the level of being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community". Appleton, Id. The motion to strike the fourth count of the complaint is therefore granted.
The fifth count of the plaintiffs compliant sounds in the tort of negligent infliction of emotional distress. The defendant's conduct in this count is the same conduct that was alleged in the fourth count.
 The elements of negligent and intentional infliction of emotional distress differ as to the state of mind of the actor and not to the conduct claimed to be extreme and outrageous.
 Muniz v. Kravis, 59 Conn. App. 704, 709 (2000).
 To prevail on this claim, the plaintiff must prove that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily . . . Morris v. Hartford Courant Co., 200 Conn. 676, 683, 513 A.2d 66
(1986); Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978). . . ." (Citations omitted; internal quotation marks omitted.) Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580, 597, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998).
 Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 713 (2000).
As previously herein, the alleged conduct of the defendant is not the type that goes beyond all possible bounds of decency and can be regarded as atrocious and utterly intolerable in a civilized community. In light CT Page 15118 of the foregoing, the complaint does not allege a situation wherein the "defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Anacona, Supra.
For the foregoing reasons, the defendant's motion to strike the fourth and fifth counts is granted.
 Richard A. Robinson, J November 9, 2001