[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff Cheryl Delpier has brought an eight count complaint against the defendant Connecticut Interlocal Risk Management Agency (CIRMA) for bad faith insurance practices. The plaintiff alleges that she is the third party beneficiary of a contract of insurance that exists between CIRMA and her employer, Regional School District #6 in Litchfield. The plaintiff alleges that she injured her back at work, and that the defendant is obligated through its contract with her employer to pay workers compensation benefits to her. She further alleges that in the course of three informal hearings and one formal hearing before the Workers Compensation Commission the defendant agreed to make such payments. CT Page 15941-lv
The plaintiff claims the defendant then breached that agreement in ways and under circumstances that constitute breach of contract (Count One); breach of the implied covenant of good faith and fair dealing (Count Two); negligent infliction of emotional distress (Count Three); intentional infliction of emotional distress (Count Four); violation of the Connecticut Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. § 38a-815 et seq. (Count Five); violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110b et seq. (Count Six); and fraud in violation of Conn. Gen. Stat. § 31-290c
(Count Seven).
The defendant has moved to strike all counts of the complaint. The court will discuss each of the defendant's grounds in turn.
The defendant asserts as the first ground for its Motion to Strike that proceedings before the Workers Compensation Commission are the exclusive remedy for the conduct alleged by the plaintiff. The defendant cites no statutory authority at all for this proposition but rather cites the decisions of two Superior Court judges who have held that there is no cause of action for unfair practices by a workers compensation insurer except before the Commission.[1]
It is true that the workers compensation statutes provide certain penalties for insurers who are found to have unreasonably delayed the adjustment or payment of benefits. See Conn. Gen. Stat. § 31-288. It is nowhere apparent that such a scheme is designed or intended to replace other common law or statutory remedies. The only cause of action that is "abolished" under the workers compensation statutes is the direct cause of action by an employee against an employer for personal injury arising out of and in the course of employment. Conn. Gen. Stat. § 31-284(a). And even then, there are exceptions to the exclusivity of the workers compensation remedy in the case of an employer who has not registered with the Commission or secured satisfactory insurance.
To be sure, there may be difficulties for a plaintiff who attempts to bring a direct cause of action against an insurer outside the purview of the Commission. In most if not all cases, the plaintiff will need to plead and prove the entitlement to benefits from the insurer, a matter which may be solely a Commission decision. That said, there is no prohibition, in the workers compensation statutes or elsewhere, against maintaining such an action.[2]
The second ground advanced by the defendant as a reason to strike the CT Page 15941-lw plaintiff's complaint is that her claims are "premature," in that she has not alleged an entitlement to benefits. See, Mora v. Aetna Life Casualty Ins. Co., 13 Conn. App. 208 (1988). The plaintiff has alleged that she is a third party beneficiary of the defendant's insurance contract with her employer; that the defendant "agreed that the plaintiff would be paid temporary total benefits, temporary partial benefits, and specific benefits," Complaint, ¶ 6; and that the defendant "unilaterally terminated Plaintiff's benefits without the approval of the Workers Compensation Commissioner . . . [and] failed, neglected, or refused to make timely payments. . . ." Complaint, ¶ 7. It may be that the plaintiff cannot prove these allegations, or that the alleged agreement is invalid or unenforceable for some reason that is developed during the evidence. But for purposes of a motion to strike, the plaintiff has sufficiently alleged a contractual entitlement to payments from the defendant.
The third ground advanced by the defendant is that Counts One and Two are legally insufficient because the plaintiff has not alleged a contractual relationship between herself and the defendant, so that she cannot claim a breach of contract or breach of the implied covenant of good faith and fair dealing. The plaintiff has pleaded that she is a third party beneficiary of a contract between the defendant and the plaintiff's employer. The defendant claims that that allegation is insufficient because it is pleaded in a conclusory manner.
The plaintiff has also pleaded other facts about her status as a third party beneficiary of the contract, among them that the defendant had agreed to make payments directly to the plaintiff-and to those from whom the plaintiff sought treatment. Complaint ¶¶ 6 and 7. The plaintiff has alleged that the defendant, having first entered into a contract with the employer, undertook a direct obligation to the plaintiff pursuant to that contract. Such a situation, if proved, would establish the status of the plaintiff as a third party beneficiary of the defendant's insurance contract with the employer. See Grigerick v. Sharpe, 247 Conn. 293, 313
(1998). The plaintiff has pleaded sufficient facts that she may maintain Counts One and Two.
The fourth ground of the defendant's Motion to Strike is addressed to Count Four of the Complaint. The defendant asserts that the plaintiff has not alleged sufficient facts to maintain an action for intentional infliction of emotional distress. The court agrees. The plaintiff has alleged an improper motive on the part of the defendant that was designed to cause distress, embarrassment, humiliation, inconvenience, and mental anguish. Complaint, Count Four, ¶ 9. However the plaintiff has failed CT Page 15941-lx to allege an essential element of the tort, which is the specific outrageous conduct that the defendant committed, a requirement under recent appellate authority. See, Dollard v. Board of Education,63 Conn. App. 550, 554 (2001). Such conduct must be such as to exceed "all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Id., citing Petyan v. Ellis, 200 Conn. 243, 254, n. 5, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984) § 12, p. 60. See also Appleton v. Board of Education of Stonington, 254 Conn. 205, 21,757 A.2d 1059 (2000). The conduct of which the defendant is accused — delaying or curtailing the payment of benefits to the plaintiff — is not, as a matter of law, outside such bounds. As currently pleaded, the allegations in Count Four are insufficient to survive a motion to strike.
The fifth ground in the defendant's Motion to Strike attacks Count Five, the CUIPA count. The defendant asserts that there is no private right of action under the provisions of CUIPA, Conn. Gen. Stat. §38a-815 et seq. This court agrees, finding no authority under CUIPA entitling one to maintain an action pursuant to that statute. Most of the recent Superior Court opinions addressing the subject hold that there is no such right. See, e.g. Perrelli v. Strathmore Farms, No. 428988 Conn. Super. Ct., J.D. of New Haven, 2000 Ct. Sup. 3499, March 2, 2000 (Levin, J.).[3] Count Five must be stricken.
The sixth ground in the defendant's Motion to Strike addresses Count Six, the CUTPA count. Citing Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11
(1986), the defendant correctly asserts that the plaintiff can only maintain a CUTPA count against an insurer if she alleges a violation of the standards set forth in CUIPA. In the case of conduct amounting to unfair claim settlement practices, such an allegation must include the statutory requirement that the defendant is "[c]ommitting or performing [the unfair practice] with such frequency as to indicate a general business practice. . . ." Conn. Gen. Stat. § 38a-816(6). The plaintiff has incorporated the allegations of Count Two, but not those of Count Five, into Count Six. Count Six is devoid of any facts which support a claim of any pattern of conduct occurring with such frequency as to state a violation of the standards enacted under § 38a-816(6). Nor does the court understand that any of the allegations relate to accident and health claims under § 38a-816(15), as opposed to the workers compensation claims that are the subject matter of this lawsuit. The failure to properly allege the facts of a CUIPA violation are fatal to the plaintiff's CUTPA count. CT Page 15941-ly
Finally the defendant moves to strike Count Seven, in which the plaintiff alleges that the defendant is in violation of Conn. Gen. Stat. § 31-290c which states:
 (a) Any person or his representative who . . . prevents or attempts to prevent the receipt of benefits or reduces or attempts to reduce the amount of benefits under this chapter based in whole or in part upon (1) the intentional misrepresentation of any material fact including, but not limited to, the existence, time, date, place, location, circumstances or symptoms of the claimed injury or illness or (2) the intentional nondisclosure of any material fact affecting such claim or the collection of such benefits shall be guilty of a . . . felony. . . . Such person shall also be liable for treble damages in a civil proceeding under section 52-564.
The defendant's motion to strike this count must be granted for two reasons. The first is that to violate the prohibitions in this statute the perpetrator must do so by intentionally misrepresenting a material fact or intentionally failing to disclose a material fact affecting such claim or the collection of such benefits. No such misrepresentation or nondisclosure is alleged, so that the plaintiff has failed to state a cognizable claim under the statute. Second, the statute, on its face, does not provide for a private right of action but rather enables a victim to bring an action under Conn. Gen. Stat. § 52-564, the civil theft statute. The plaintiff has failed to allege the elements of common law or statutory theft in her complaint. In point of fact, the provisions of § 31-290c are ill-suited to the situation about which the plaintiff complains. The defendant's motion to strike this count is particularly meritorious.
CONCLUSION AND ORDER
The Motion to Strike of the defendant CIRMA is granted as to Count Four, Five, Six, and Seven. It is denied as to Count One, Two, and Three.
Patty Jenkins Pittman, Judge