[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiffs seek prejudgment remedies to secure tort claims that they are making against their immediate supervisor at their place of employment. They allege claims for intentional infliction, of emotional distress, negligent infliction of emotional distress, and invasion of privacy. For the reasons stated below, four of the plaintiffs are each authorized to secure a claim in the amount of $25,000.00.
There are five plaintiffs: Geraldine Benton, Pat Buonincontra, Kim Cifatte, Debra Cosentino, and Donna Moore. The plaintiffs and the defendant, Gary Simpson, worked together in an after-market sales unit at Pitney-Bowes Office Systems, Inc. Four of the five plaintiffs, Benton, Buonincontra, Cifatte, and Moore, testified in support of their application for prejudgment remedies.
Benton, Buonincontra, Cifatte, and Moore testified about a stressful and unpleasant relationship with the defendant during work hours. Plaintiff Benton witnessed the defendant lose his temper six to nine times. On one occasion, when Simpson was seeking business information from Cifatte, Benton heard Simpson yell a profanity at Cifatte and saw Simpson bang on a filing cabinet. A few minutes after this incident, Benton, while standing outside Simpson's office, overheard him admonish Cifatte. At a weekly meeting, Benton heard Simpson say something akin to "You women make me sick, you're like a cancer." Simpson told Benton at a group meeting "Geri, you have Alzheimers." When Simpson met with Benton to revue her work for the year, he became angry with her. These incidents caused Benton to suffer emotional stress.
Plaintiff Moore, who shared managerial responsibilities with Simpson, was told by Simpson that Moore's co-plaintiffs were like a "cancer". On an occasion, when Simpson thought that Moore was not accepting his assessment of the other plaintiffs, he said to Moore "Donna, you are straddling the fence, you will be sore, may even have to take a hot bath tonight." These incidents caused Moore to suffer emotional stress.
Plaintiff Cifatte often witnessed Simpson's anger. These outbursts CT Page 384 affected her: "He would belittle you a lot;" he would be in your face" and "in your space." On one occasion, after Cifatte told Simpson that she could not look up a price because her computer was inoperable, he made a coarse comment to her and banged a filing cabinet with his hand. A few minutes later, in the privacy of Simpson's office, he screamed at her, cursed, and told her "you women make me sick, you disgust me, I feel sorry for anybody that has to work for you." Cifatte was also present at the weekly meeting where Simpson said something akin to "You women are like a cancer." These incidents caused Cifatte to suffer emotional stress.
Plaintiff Buonincontra was present at the meeting where Simpson said that the women in the office were like a cancer. During the weekly meetings, Buonincontra observed Simpson occasionally bang his fist to make a point. Once, she told Simpson that he was a negative person and that he was like a Chinese water torture. He became upset over these comments, followed her, and shouted at her. Buonincontra suffered emotional stress from these incidents.
The issue before the court is whether the above facts are sufficient to establish probable cause for the validity of the plaintiffs' claims. "Pursuant to our prejudgment remedy statutes the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. Moreover, this weighing process applies to both legal and factual issues. . . . It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." (Citations omitted.) Blakeslee Arpaia Chapman v.El Constructors, 32 Conn. App. 118, 126, 628 A.2d 601 (1993).
Each plaintiff asserts a claim for the intentional infliction of emotional distress. "It is the intent to cause injury that is the gravamen of the tort." DeLaurentis v. New Haven, 220 Conn. 225, 267,597 A.2d 807 (1991). "In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the CT Page 385 defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Id. at 266-76. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citation omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 210-11, 757 A.2d 1059 (2000)." Dollard v. Board ofEducation, 63 Conn. App. 550, ___ A.2d ___ (2001). While some may question whether the defendant's conduct, which was clearly rude, unpleasant, and, on one or two occasions, crude, rises to the level that is necessary to establish a claim for intentional infliction of emotional distress, this court nevertheless concludes that Benton, Buonincontra, Cifatte, and Moore have met their burden with respect to a prejudgment remedy.
Each plaintiff asserts a claim for negligent infliction of emotional distress. "The elements of negligent and intentional infliction of emotional distress differ as to the state of mind of the actor and not to the conduct claimed to be extreme and outrageous. Muniz v. Kravis,59 Conn. App. 704, 709, 757 A.2d 1207 (2000). To establish liability for negligent infliction of emotional distress, a plaintiff must show that "the defendant should have realized that [his] conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88 (1997). There is a split of authority as to whether a claim for negligent infliction of emotional distress that arises in the context of the workplace is limited to conduct arising out of the termination process. Compare Ferraro v. Stop Shop Supermarket, Superior Court, No. 96-0388031S (Jud. Dist. of New Haven) (May 24, 2000; Silbert, J.) with Olivas v. DeVivo Industries,Inc., No. CV99-03359085 (Jud. Dist. of Danbury; Hiller, J.). Upon considering the legal issues and the parties' factual contentions, this court concludes that Benton, Buonincontra, Cifatte, and Moore have established probable cause with respect to a cause of action for negligent infliction of emotional distress.
Each plaintiff asserts a claim for invasion of privacy. While everyone has an interest in solitude and seclusion, either as to his or her person or his or her private concerns; see Restatement of the Law, Second, Torts § 652B; this court concludes that probable cause for this claim has not been established. CT Page 386
With respect to plaintiff Cosentino, this court will not consider the affidavit that she filed with the clerk of the court when the plaintiffs requested a hearing on their application for prejudgment remedies. The affidavit was not submitted as an exhibit during the hearing.
In conclusion, this court finds there is probable cause to believe that a judgment will be rendered in favor of plaintiffs Geraldine Benton, Pat Buonincontra, Kim Cifatte, and Donna Moore in a trial on the merits. This court further finds that each of the four should be authorized to secure a claim for $25,000.00. Probable cause is not found with respect to plaintiff Debra Cosentino.
THIM, J.