[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
This action arises out of the termination of the plaintiff's employment as a roof mechanic for the defendant. Count one alleges wrongful termination, discrimination and retaliation in violation of General Statutes § 31-290a; count two alleges intentional infliction of emotional distress and count three alleges negligent infliction of emotional distress.
The defendant filed a motion to strike counts two and three of the complaint, which was not opposed by the plaintiff. After the court's denial of the motion, on December 13, 2001, the defendant filed a motion for articulation and/or reargument. The court granted reargument and the plaintiff again did not oppose the motion. For the reasons stated in detail below, the court grants the motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). The court is to "determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 580." [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
 A Intentional Infliction of Emotional Distress
CT Page 4834
The defendant moves to strike count two on the ground that the plaintiff has failed to allege conduct by the defendant, which could be characterized either as extreme or outrageous. The plaintiff's allegations of wrongful termination and unfair treatment do not shock the conscience and cannot therefore support a claim for intentional infliction of emotional distress, the defendant claims.
 "`In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986)
In its analysis, the Petyan court notes:
 [T]he rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" (Emphasis omitted.). Pelyan v. Ellis, supra, 254 n. 5, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 12, p. 60.
The type of conduct which would support the tort is where "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) Dollard v. Board of Education, 63 Conn. App. 550,554, 777 A.2d 714 (2001). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . [thePetyan] elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury." (Internal quotation marks omitted.) Bell v. Board of Education,55 Conn. App. 400, 409-10, 739 A.2d 321 (1999). CT Page 4835
"[T]here is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain an action. The court looks to the specific facts and circumstances of each case in making its decision. . . . However, [a] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional acts wholly lacking in social utility. . . . [T]hose cases in the employment context that have granted motions to strike because the allegations do not sufficiently describe extreme and outrageous behavior are more often those that allege little more than that the plaintiff was terminated without just cause." (Citations omitted; internal quotation marks omitted.) Rosenberg v.Meriden Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 377376 (October 29, 1999, Licari, J.).
The plaintiff has alleged that, in retaliation for his filing for workers' compensation benefits following a work-related injury, he was given duties that violated his physician-ordered light duty status. In addition, he claims he was the target of spying by his employer to prove that he was malingering. The plaintiff has further alleged that in retaliation for taking a paternity leave of absence in compliance with company policy, he was terminated under the pretense that he had abandoned his job by virtue of an unreported absence.
These allegations differ from the types of egregious conduct which have been found sufficient to survive a motion to strike a claim for intentional infliction of emotional distress. Such cases typically involve employers who exploit the known weaknesses of their employees, including Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 21, 597 A.2d 846
(1991) (where plaintiff's supervisor taunted and harassed him about his alcoholism and recovery) and Champion v. Lipscomb, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512902 (April 23, 1993, Hammer, J.) (where plaintiff, who had been intentionally splashed with waste oil by coworker, was forced by supervisor to work alone with attacker, after being denied request for safety transfer). "Simple employer mistreatment, in and of itself, is insufficient to establish extreme and outrageous conduct." Stepney v. DevereuxFoundation, Superior Court, judicial district of Litchfield, Docket No. 65885 (November 1, 1995, Pickett, J.). The court finds that the plaintiff's treatment by his employer is insufficient to establish the extreme and outrageous conduct which is the basis of the cause of action. For the foregoing reasons, the defendant's motion to strike count two is granted.
 B Negligent Infliction of Emotional Distress
CT Page 4836
The defendant also moved to strike the third count because the plaintiff has failed to allege unreasonable conduct in his termination and the remaining allegations which treat events outside the termination process are insufficient to state a claim for which relief can be granted. In order to state a claim for negligent infliction of emotional distress, the plaintiff has the burden of pleading that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Emphasis omitted; internal quotation marks omitted.) Morris v. Hartford Courant Co., 200 Conn. 676, 683,513 A.2d 66 (1986).
In the recent Supreme Court decision, Perodeau v. Hartford,259 Conn. 729, 762-63, ___ A.2d ___ (2002), the court held that "an individual municipal employee may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." In its decision, the court concluded that in the continuing employment contest, the societal costs of allowing claims for negligent infliction of emotional distress. . . . are unacceptably high." It declined to extend this tort to intact employment relationship. In arriving at this limitation upon the extension of liability to such situations, the court found that "individuals in the workplace reasonably should expect to experience some level of emotional distress, even significant emotional distress, as a result of conduct in the workplace." Id., 757.
To the extent that the third count alleges; (1) the work the plaintiff was given was in direct violation of his physician's light duty restrictions; and (2) that he was aware of the defendant's efforts to spy on him at work, the plaintiff states a claim for negligent infliction of emotional distress within the context of a continuing employment relationship. This can no longer be sustained under the holding ofPerodeau v. Hartford, supra, 259 Conn. 762-63. Further, to the extent that the third count alleges the negligent infliction of emotional distress in the process of termination of employment, it fails to allege the extreme and outrageous conduct necessary to support this tort. For the foregoing reasons, the court also grants the motion to strike count three of the complaint.
BY THE COURT
BARBARA M. QUINN, Judge