[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
In this action in two counts for negligent and intentional infliction of emotional distress, the defendants file a motion to strike both counts. They move to strike the first count for negligent infliction of emotional distress, stating that this cause of action cannot stand in the absence of the termination of employment. They move to strike the second count for intentional infliction of emotional distress because the conduct alleged is not extreme or outrageous. For the reasons set for in detail below, the court grants the motion to strike the first count, but denies the motion to strike the second count.
 DISCUSSION
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
CT Page 5270 (1997). The court is to "determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 580." [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
 A Negligent Infliction of Emotional Distress
Our Supreme Court has held that "negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process."Parsons v. United Technologies Corp., 243 Conn. 66, 88, 700 A.2d 655
(1997). The Parsons' court did not address the issue of whether or not a plaintiff may state a cause of action for negligent infliction of emotional distress absent an allegation of termination. Recently, the Supreme court had occasion to consider the precise question on certification from the United States District Court. In that case, the second certified question was "whether an individual municipal employee may be found liable for negligent infliction of emotional distress arising out of conduct occurring in the context of a continuing employment relationship," as distinguished from conduct occurring during the termination of employment. In its decision, the court concluded that the "societal costs of allowing claims for negligent infliction of emotional distress in the context of ongoing employment are unacceptably high." Perodeau v. Hartford, 259 Conn. 729, 762-63, ___ A.2d ___ (2002). It declined to extend this tort to intact employment relationships.
In this case, the plaintiff James Leone continues to be employed with the defendant and has not alleged termination of employment. For that reason, the complaint fails to state a cause of action pursuant toPerodeau, and the court therefore grants the motion to strike count one of the complaint.
 B Intentional Infliction of Emotional Distress
The defendants move to strike count two on the ground that the plaintiff has failed to allege extreme and outrageous conduct as required CT Page 5271 by the case law defining this cause of action.
 "In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . (Emphasis added) Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986)
In its analysis, the Petyan court notes:
 "[T]he rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Petyan v. Ellis, supra, 254 n. 5, quoting W. Prosser W. Keeton, Torts (5th Ed.)'12, p. 60.
The type of conduct which would support the tort is where "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) Dollard v. Board of Education, 63 Conn. App. 550,554, 777 A.2d 714 (2001). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . [thePetyan] elements is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury." (Internal quotation marks omitted.) Bell v. Board of Education,55 Conn. App. 400, 409-10, 739 A.2d 321 (1999).
"[T]here is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain an action. The court looks to the specific facts and circumstances of each case in making its decision. . . . However, [a] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional acts wholly lacking in social CT Page 5272 utility. . . . [T]hose cases in the employment context that have granted motions to strike because the allegations do not sufficiently describe extreme and outrageous behavior are more often those that allege little more than that the plaintiff was terminated without just cause." (Citations omitted; internal quotation marks omitted.) Rosenberg v.Meriden Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 377376 (October 29, 1999, Licari, J.).
The central question remains whether the racial, ethnic, religious and sexual slurs specifically alleged were extreme and outrageous conduct. The defendants argue that they were not such acts. The plaintiff cites various divergent cases decided in different states in the United States as reviewed in a Superior Court decision by Corradino, J.[1] Certain other Connecticut Superior Court cases have found racial slurs,[2]
comments about national origin,[3] and sexually explicit comments to be extreme and outrageous conduct in the employment context.
The complaint alleges that the owners of the corporation referred to the plaintiff as "dago, wop, Father Sarducci or Gimabroni," that they placed sexually offensive comments and pictures on his computer, that they made comments about his penis, his sexual performance, homosexuality and the like. Such comments were also made to him about others who were employed by his company, those with whom the company had contact or who were customers of the defendant.
In considering whether such conduct is extreme or outrageous, the court notes that there is a strong public policy expressed by statute in our state prohibiting discrimination on the basis of race, sex or national origin.[4] These comments, if alleged with other facts in the context of a discrimination case, would be adequate to state such a cause of action. The United States Supreme Court has stated that "[a]n action to redress racial discrimination may also be likened to an action for defamation or intentional infliction of emotional distress. Indeed the contours of the latter tort are still developing, and it has been suggested that `under the logic of the common law development of a law of insult and indignity, racial discrimination might be treated as a dignatory tort.'" Curtis v. Loether. 415 U.S. 189, 196, n. 10, 94 So. Ct. 1005, 39 L.Ed.2d 260 (1974).
Taking the facts as alleged in this complaint as true as well as considering our strong expressed public policy, the court finds that the conduct set forth is extreme and outrageous. The court finds these comments "so outrageous in character, and so extreme in degree so as to go beyond all bounds of decency and to be regarded as atrocious and"utterly intolerable in a civilized community." (Emphasis added.) Dillardv. Board of Education, 63 Conn. App. 554, supra. The court therefore CT Page 5273 denies the motion to strike count two.
BY THE COURT
BARBARA M. QUINN, Judge