[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The plaintiff has filed a six count Revised Complaint, dated February 6, 2002, naming the New Haven Jewish Community Council Corporation, Dorothy Giannini-Meyers, Andy Block, Alan Judelson, Richard Weiss and Stuart Amdur as defendants. The corporation is a non-profit corporation, having as its purpose the provision of rental housing and services for elderly persons. Giannini-Meyers is the President and Chief Executive Officer of the Corporation. The defendant Block is the business manager. The defendant Judelson is the Chairman of the Board of Directors of the Corporation. The defendant Weiss is the Chair of the Personnel Committee and the defendant Amdur is the Human Resources Manager.
Each defendant has a count of the Revised Complaint directed at them. Each of the six counts are identical in nature, and each count alleges intentional infliction of emotional distress. The plaintiff has alleged that each of the individuals named as defendants were, at all times mentioned in the Revised Complaint, acting as the agent, servant and employee of the defendant corporation for its economic benefit.
The plaintiff was employed by the defendant Corporation continuously from 1990 until her resignation in early 2001. The plaintiff claims she was forced to resign from her position as the Occupancy and Activities Manager of the Corporation due to the conduct of the defendants, which the plaintiff alleges "was extreme and outrageous in that it was shocking and beyond the range of acceptable behavior in a civilized society. . . ." The plaintiff claims economic loss and severe emotional distress.
The defendants have filed a motion to strike all six counts of the Revised Complaint pursuant to Practice Book § 10-44. The defendants argue that their conduct, as alleged in the Revised Complaint, fails to rise to the level of extreme and outrageous behavior, which is a necessary element of a cause of action for an intentional infliction of CT Page 11834 emotional distress. Therefore, the defendants argue, the plaintiff has failed to state a cause of action upon which relief can be granted.
 I.
In order to decide whether the plaintiff has sufficiently pleaded an action sounding in intentional infliction of emotional distress, a summary of events, as alleged by the plaintiff, is necessary.
The plaintiff alleges that she was employed by the defendant Corporation continuously from 1990 until February, 2001. In 1998, the plaintiff held the position of Occupancy and Activities Manager, and her duties were to promote and manage all admission related functions and to plan programs and activities. The plaintiffs cousin was also employed by the Corporation.
It is alleged that on September 14, 1998 the defendant Meyers threatened the plaintiff because the plaintiffs cousin had been critical of another employee who was a "favorite" of Meyers. Meyers allegedly told the plaintiff in an angry manner that he would "come down on her" every time that the plaintiffs cousin criticized the co-employee perceived as Meyer's "favorite." Thereafter, upon learning of the threat by Meyers against the plaintiff, the plaintiffs cousin threatened the defendant Meyers with litigation.
It is further alleged that, thereafter, the defendant Meyers and the defendants Block, Judelson, Weiss and Amdur pursued a campaign of harassment against the plaintiff. The plaintiff claims the campaign against her was characterized by the following acts: Application by each defendant of a different standard of review and supervision to the plaintiff than was applied to other similarly situated employees; false statements made by the defendants regarding the plaintiffs actions; hypercritical assessment of the plaintiffs activities and her manners of speech, which were communicated directly to the plaintiff written reviews of her work; and orders to the plaintiff to remove her personal items and belongings from her private office to make the space more impersonal.
The plaintiff further alleges that in November, 1999, the defendant Amdur admitted to the plaintiff that the defendant Meyers, "has it in for you." She further alleges that in June, 2000, without warning, the defendants changed her job, cutting her duties in half and reducing her pay. She was given written warnings that were placed in her file, falsely accusing her of repeated "poor judgment and lack of judgment," and she was threatened with termination from her employment. CT Page 11835
In December, 2000, the plaintiff alleges she was confronted by the defendant Block who verbally berated her and cursed at her. The plaintiff was then suspended without pay for one week. She was instructed to report for work and when she did so, she was formally escorted from the premises in front of other parties at the facility. The plaintiffs suspension was then announced to the Board of Directors of the Corporation on December 18, 2000. The plaintiff claims that these actions by the defendants were carried out for the specific purpose of inflicting emotional distress upon her so that she would resign, and in fact, the plaintiff did resign from her job, effective February 9, 2001.
 II.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185. (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982). The legal sufficiency of a count which alleges CT Page 11836 the intentional infliction of emotional distress may be tested by a motion to strike. Dollard v. Board of Education, 63 Conn. App. 550, 551
n. 2, 777 A.2d 714 (2001).
 III.
The legal standard for intentional infliction of emotional distress is well settled and set forth in Appleton v. Board of Education,254 Conn. 205, 210 757 A.2d 1059 (2000), wherein the court stated: "In order for the plaintiff to prevail for a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted). The plaintiffs complaint interpreted in a favorable light meets the first, third and fourth criteria for the purposes of defeating a motion to strike. The court, however, must analyze the defendants' conduct to determine whether the conduct, as alleged in the complaint, was "extreme and outrageous," as required by the second criteria.
"Whether a defendant's conduct is sufficient to satisfy, the requirement that it be extreme and outrageous is initially a question for the court to determine." Id.; Bell v. Board of Education,55 Conn. App. 400, 410, 739 A.2d 321 (1999). "Only where reasonable minds disagree does it become an issue for the jury." Appleton v. Board ofEducation, supra. "Liability has been found only where the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, `Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form a basis for an action based upon intentional infliction of emotional distress." Id. at 210-11. "It is clear that individuals in the workplace should reasonably expect to experience some level of emotional distress, even significant emotional distress, as a result of conduct in the workplace. Such individuals reasonably should expect to be subject to other vicissitudes of employment such as workplace gossip, rivalry, personality conflicts and the like." Perodeauv. Hartford, 259 Conn. 729, 757, 792 A.2d 552 (2002). "Individuals reasonably should expect to be subject to routine employment-related CT Page 11837 conduct, including performance evaluation, both formal and informal, decisions related to such evaluations, such as those involving transfer, demotion, promotion and compensation; similar decisions based on the employer's business needs and desires, independent of the employee's performance, and disciplinary or investigatory action arising from actual or alleged employee misconduct." Id.
The conduct described in the plaintiffs complaint is less than "extreme" and "outrageous" in nature. While the conduct may have been distressing and hurtful to the plaintiff it does not rise to the level of extreme and outrageous conduct. Id.; Dollard v. Board of Education,63 Conn. App. 550, 777 A.2d 714 (2001); Muniz v. Kravis, 59 Conn. App. 704,710, 757 A.2d 1207 (2000); Chieffalo v. Norden Systems, Inc.,49 Conn. App. 474, 714 A.2d 1261 (1998). While the defendants' conduct may have been "rude and inappropriate" it does not rise to the level of extreme and outrageous conduct as required by Connecticut common law."DeLeon v. Little, 981 F. Sup. 728 (D.Conn. 1997).
A review of case law demonstrates that allegations similar to those in the present case, have been deemed not to be extreme and outrageous conduct. In Stepney v. Devereaux Foundation, Superior Court, judicial district of Litchfield, Docket No. 65885 (November 1, 1995) (Pickett,J.), the court struck the plaintiffs claim that alleged the defendant "yelled at, screamed at and used abusive and foul language to try to dissolve the plaintiff from seeking benefits under the Workers Compensation Act." Similarly in Scandura v. Friendly Ice CreamCorporation, Superior Court judicial district of Hartford, Docket No. 529109 (July 5, 1994) (Hennessey, J.), the plaintiff alleged that her supervisor engaged in extreme and outrageous conduct "by making her furnish daily sales projections for the restaurant she managed, disallowing her from taking a scheduled vacation for which she had made airline reservations, and ridiculing her `unjustifiably . . . often obscenely,' and in a manner which insulted her integrity, both before and after he learned that she suffered from a medical condition that made her particularly susceptible to emotional distress."
The present case does not present allegations concerning violence or an act of violence. See Barry v. Loiseau, 223 Conn. 786, 614 A.2d 414
(1992); Bell v. Board of Education, supra. There are no allegations concerning the use of racial, ethnic, religious or sexual slurs. SeeLeone v. New England Communications, Superior Court, judicial district of New Britain, Docket No. 509752 (April 10, 2002) (Quinn, J.).
While this court does not endorse or condone the behavior of the defendants as alleged by the plaintiff, it is not so outrageous or CT Page 11838 atrocious to meet the standard of unacceptability required for the tort of intentional infliction of emotional distress.
Finally, the defendants have cited the recent decision in Delaney v.Institute of Living, et al., Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 02-0097157 (June 18, 2002) (Shapiro, J), wherein the court granted a motion to strike allegations similar to those in the present case. In that case, the plaintiff alleged that she was employed at a hospital as an administrative assistant from 1995 until 2001 when the defendants' conduct forced her to leave her job. The plaintiff alleged that her new supervisor of less than one year subjected her to an abusive and hostile work environment in which hostile glances, abusive language and contemptuous behavior were the norm. The plaintiff alleged that she was constantly demeaned in front of others; virtually every aspect of her work performance was unjustly criticized and she was falsely accused of missing staff meetings. In addition, she was ordered to remove from her work area all articles of personal property including religious objects. The court in Delaney, citingAppleton v. Board of Education, supra, and Perodeau v. Hartford, supra, ruled that "As a whole, the conduct described in the complaint is less than extreme and outrageous."
The allegations of the present complaint do not amount to the "atrocious and utterly intolerable" behavior necessary to support the plaintiffs cause of action. It is insufficient to meet the standard of "extreme" and "outrageous" conduct required in order to sustain an action for the intentional infliction of emotional distress.
For the foregoing reasons, the defendants' motion to strike all six counts of the plaintiffs Revised Complaint, dated February 6, 2002, is hereby granted.
The Court
by ___________________
Arnold, J. CT Page 11839